## STATE *vs.* JOHN R. PARQUETTE.

MAY 18, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. Defendant was charged with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. After a full trial by a justice of the Superior Court, jury trial having been waived,

defendant was found guilty. The case is before this court on defendant's exceptions.

The evidence introduced by the State proved defendant guilty of the offense charged. Defendant testified that while at a banquet he drank six bottles of beer each of which contained not more than 3.2 percentum of alcohol. He claims that under this evidence his conviction is contrary to law. He cites as authority in support of his claim Section 2, Chapter 2013, P. L. 1933, which divides beverages into two classes, "intoxicating and non-intoxicating" and states: "It is hereby declared that beverages containing not more than 3.2 percentum of alcohol by weight are non-intoxicating in fact." Defendant argues that because of this latter clause evidence was inadmissible to prove that he was under the influence of intoxicating liquor when he consumed only a beverage declared by the legislature to be "non-intoxicating in fact." There is no merit in the claim made by the defendant. The statute has no bearing upon the charge made against him.

Statutes are to be construed with reference to the object sought to be accomplished by them. The chapter relied upon by defendant was enacted for the purpose of creating a system of licensing and controlling the manufacture and sale of alcoholic beverages. The division of beverages into the two classes—intoxicating and non-intoxicating—was for the purpose of providing that no license for the manufacture or sale of intoxicating liquor should be issued while the eighteenth amendment to the Constitution of the United States remained in force. The declared purpose of this chapter is the promotion of temperance and the reasonable control of the traffic in alcoholic beverages. Section 81. Nothing is found in this chapter which says, either directly or by implication, that the consumption of a beverage containing alcohol will not have an intoxicating influence upon the consumer.

Defendant was charged with violating a provision of the law relating to the operation of motor vehicles. Chap. 98,

G. L. 1923. In this chapter it is recognized that an auto-mobile is a dangerous instrumentality while being operated by a person under the influence of intoxicating liquor. To prevent such operation the statute provides that: "No person shall operate . . . a motor vehicle . . . while under the influence of intoxicating liquor whatever its alcoholic content . . . ." Chap. 1914, P. L. 1932. This chapter is not limited or repealed by Chapter 2013 cited in behalf of the defendant. In *Commonwealth* v. *Bridges*, 189 N. E. (Mass.) 616, defendant raised a question similar to that now raised. The court held that any liquor is intoxicating which, in fact, is capable of subjecting a person to its alcoholic influence, and sustained defendant's conviction of operating an automobile while under the influence of intoxicating liquor.

Defendant's exceptions are overruled. The case is remitted to the Superior Court for further proceedings.

*John P. Hartigan, Attorney General, Michael De Ciantis, Assistant Attorney General,* for State.

*Justin P. McCarthy,* for defendant.