# J. B. ODOM v. STATE.

No. A-9576.   Nov. 9, 1939.
(95 P. 2d 916.)

L. D. Akin, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Thomas C. Wyatt, Co. Atty., of Shawnee, for the State.

BAREFOOT, J.   Defendant was charged in the district court of Pottawatomie county with the crime of driving an automobile while under the influence of intoxicat-

ing liquor; was tried, convicted, and sentenced to the penitentiary for a period of three months, and has appealed.

It is urged for reversal of this case that the court erred in refusing to permit counsel for defendant on the voir dire examination of jurors to inquire, whether or not they would sacrifice their personal opinion as to whether or not 3.2 beer was intoxicating and accept the provision of Congress and the Legislature that the same was not intoxicating. In other words, it is contended that the Legislature having provided in section 1, chap. 153, Session Laws 1933, 37 Okla. St. Ann. § 151, as follows: "Beverages containing more than three and two tenths (3.2%) per cent. alcohol by weight are hereby declared to be intoxicating; all other beverages are declared to be nonintoxicating. The manufacture, distribution and sale of beverages containing more than one-half of one (½ of 1%) per cent. alcohol by volume and not more than three and two-tenths (3.2%) per cent. alcohol by weight is hereby declared subject to the rules and regulations hereinafter provided"; that, therefore, one who had drunk only 3.2 beer cannot be charged and convicted under the statute which prohibits one from driving an automobile while under the influence of intoxicating liquor. Oklahoma Statutes 1931, § 10324, 47 Okla. St. Ann. § 93.

This court has recently had this question up for consideration in the case of Ashcraft v. State, decided in opinion of Jan. 11, 1940, 68 Okla. Cr.——, 98 P. 2d 60, and in that case it was clearly distinguished what, to our minds, the intention of the Legislature was in the passage of each of the above acts. It is unnecessary to lengthen this opinion by quoting from that case, only to say that we held under Oklahoma Statutes 1931, § 10324, 47 Okla. St. Ann. § 93, that it was in the intention of the Legis-

lature to punish those who were in fact under the influence of intoxicating liquor, whether it be caused from drinking beer with an alcoholic content of 3.2 per cent., or liquor in excess thereof.

In the instant case there is no evidence in the record that defendant drank 3.2 beer. The evidence of the state was that the defendant was under the influence of intoxicating liquor; that he staggered and had to be helped into the automobile by the officer who arrested him, and that he smelled whisky on his breath.

The question propounded to the jurors by counsel was a question of law, and the court, therefore, did not err in refusing to permit counsel to interrogate the jurors thereon.

The trial court in impaneling the jury made the remark: "The question is whether or not the individual is under the influence of intoxicating liquor. If a man has been drinking one bottle of beer and it makes him drunk he is just as drunk as if he drank whisky." This was excepted to by defendant, and is urged as error. As stated above, there was no evidence in this case that the defendant drank beer and not whisky.

In the case above cited, the court held exactly what the court stated; that it was a question of fact as to whether a party was under the influence of intoxicating liquor, and it made no difference whether it was from drinking beer or other intoxicating liquor. State v. Parquette, 54 R. I. 283, 172 A. 613; Commonwealth v. Bridges, 285 Mass. 572, 189 N. E. 616.

The judgment and sentence in this case is for confinement in the penitentiary for a period of three months. The statute assessing the punishment, Oklahoma Statutes 1931, § 10324, 47 Okla. St. Ann. § 93, provides as follows:

. "It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, and the having on or about one's person or in said vehicle of said intoxicating liquor is prima facie evidence of a violation of this act, to operate or drive a motor vehicle on any highway within this state, as defined in section 1, of this act, and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the penitentiary not more than one year, or by fine of not more than two thousand ($2,000.00) dollars, or by both imprisonment and fine."

It will be noted that this statute does not provide for a jail sentence, but only for a penitentiary sentence or a fine. The facts in this case are that defendant was a married man and had four children. He lived on a small farm about three miles from Shawnee. He had come into town and was returning to his home. His car collided with a car driven by Mr. Crawford, on the streets of Shawnee. His car was swerving from side to side, and when it struck the Crawford car, was on the wrong side of the street. There was only a small damage to the fender of the Crawford car. He was able to drive it to the police station after the collision. There is nothing in the record to show that defendant's car was damaged by the collision. A police officer who was present immediately arrested defendant and took him to the police station in the Crawford car. He testified defendant was under the influence of intoxicating liquor. That he staggered and had to be helped into the car, and that he smelled whisky on his breath. The evidence is corroborated by Mr. Crawford's son, who was 17 years of age, and in the car at the time of the collision.

Defendant testified that the collision occurred by reason of the fact that the radius rod on his car was broken or loose and this caused his car to swerve, and that he

could not control the same. He also introduced a mechanic, who testified a car would swerve from side to side when the radius rod was broken. He also introduced in evidence a witness who testified that he had assisted defendant in wiring up his radius rod just before the accident happened. The defendant, while on the witness stand, did not deny that he had been drinking and his counsel did not see fit to inquire of him in reference thereto.

On cross-examination he testified that he had served a jail sentence in a whisky case in the federal court. One witness testified to the good character of defendant, but the court instructed the jury not to consider this evidence for the reason the witness testified it was based upon what he himself believed, from having lived near defendant in Shawnee.

After a careful consideration of this evidence, we are of the opinion that the verdict of the jury was based upon the fact that the statute did not permit the giving of a jail sentence, and the further fact that defendant testified that he had served a jail sentence in a whisky case. Under all the facts, we are of the opinion that the judgment and sentence should be reduced to a fine of $100 and the costs of this case, and that, in the event said fine and costs are not paid, defendant should serve the time in the county jail of Pottawatomie county in the manner provided by law.

It is, therefore, ordered that the judgment of the district court of Pottawatomie county be modified and affirmed as above stated.

DOYLE, P. J., and DAVENPORT, J., concur.