HOWARD CURTIS v. STATE.

No. A-9639.    April 25, 1940.
(101 P. 2d 1062.)

A. W. Billings, of Woodward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and James G. Young, Co. Atty., of Woodward, for the State.

BAREFOOT, J.  The defendant was charged in the district court of Woodward county with the crime of driving an automobile while under the influence of intoxicating liquor; was tried, convicted, and assessed a fine of $100, and costs amounting to $10.05, and has appealed.

It is contended that the court erred in refusing to give the jury defendant's requested instruction No. 2, which was as follows: "The court instructs the jury that intoxicating liquor, as used herein is all beverages containing more than 3.2 per cent. alcohol, measured by weight, and that all other beverages are nonintoxicating." It is contended that the Legislature, by the enactment of Session Laws 1933, section 1, chapter 153, O. S. A. title 37, section 151, has defined the term "intoxicating liquor" as follows: "Beverages containing more than three and two tenths (3.2%) per cent. alcohol by weight are hereby declared to be intoxicating; all other beverages are declared to be nonintoxicating." And that defendant having testified that he had drunk only 3.2 per cent. beer, he could not be found guilty under the law, and that the court erred in failing to give the above instruction.

280

In the case of Ashcraft v. State, 68 Okla. Cr. 308, 98 P. 2d 60, 62, this court has decided this question adversely to the contention of the defendant. As stated in the syllabus of that case:

"1. Section 1, chapter 153, Session Laws of 1933, 37 Okla. St. Ann., § 151, defines what is 'intoxicating' and 'non-intoxicating' liquors. The definition under this act was for the purpose of thus classifying beverages, as a foundation for the subsequent licensing and taxing provision. It was not intended to regulate the provisions of the law with reference to the enforcement of the criminal statutes.

"2. Oklahoma Statutes 1931, Section 10324, 47 Okla. St. Ann., § 93, makes it an offense for one who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, to operate or drive a motor vehicle on any highway within this State.

"3. Under this statute it was the intention of the Legislature to punish those who were in fact 'under the influence of intoxicating liquor,' whether it be caused from drinking beer with an alcoholic content of 3.2 per cent., or liquor in excess thereof."

The evidence in the instant case reveals on the part of the state's witnesses, that defendant was in an intoxicated condition at the time of his arrest by the highway patrolmen. His car was swerving back and forth across the highway. That when they stopped him and placed him in their car he smelled strongly of liquor. His eyes, face, walk and talk had the appearance of a drunk man. When he was brought to the city jail two county officers and the city jailer assisted them, and they testified in substance to the same facts related by the patrolmen; that he was drunk, and they had a hard time getting him up the steps to the jail, and he could hardly walk. There is ample evidence to believe that his condition was brought

about by reason of the drinking of liquor other than 3.2 per cent. beer.

It is also contended that the court erred in giving instruction No. 6, which was as follows:

"You are instructed that if you find from the evidence submitted, beyond a reasonable doubt, that at the time and place complained of in the information the defendant, Howard Curtis, drove and operated an automobile upon U. S. Highway 270 at a point about one mile west of the city of Woodward, and in the county of Woodward, state of Oklahoma, while he was under the influence of intoxicating liquor, then and under such circumstances it is no defense to this charge that his so being under the influence of intoxicating liquor, if you so find, was due to or caused by the consumption of 3.2% beer."

This instruction cannot be approved by this court. As an abstract proposition of law, it may be true that one who is under the influence of intoxicating liquor by reason of having drunk 3.2 per cent. beer may be guilty of driving a motor car when in such condition, but this is a matter for the consideration of the jury under all the facts and circumstances in the case, and it is for the jury to decide whether or not defendant is in that condition at the time he is charged. The last portion of the above instruction charges upon the weight of the evidence and cannot be approved. However, under the prior decisions of this court, we are not permitted to reverse a rightful judgment of conviction on the ground of the misdirection of the jury, unless, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. It is provided in Oklahoma Statutes 1931, section 3206, O. S. A. title 22, § 1068, as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

See, also, Fannin v. State, 65 Okla. Cr. 444, 88 P. 2d 671; Goodart v. State, 65 Okla. Cr. 472, 88 P. 2d 911; Janeway v. State, 62 Okla. Cr. 264, 71 P. 2d 130; Kizer v. State, 64 Okla. Cr. 222, 78 P. 2d 831.

We have examined the record and the instructions as a whole. From the facts in the case the defendant's punishment was very light, and notwithstanding the giving of instruction No. 6, we do not think defendant was prejudiced thereby.

Finding no substantial error, the judgment of the district court of Woodward county is affirmed.

DOYLE, P. J., and JONES, J., concur.