## OSCAR FOGLESONG v. STATE.

No. A-9634.   May 29, 1940.
(103 P. 2d 106.)

S. M. Smith, of Woodward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant was charged in the district court of Woodward county with the offense of driving an automobile while under the influence of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $100 and costs amounting to $15.10, and has appealed.

The defendant contends that he had only been drinking 3.2 per cent. beer, and that under the laws of Oklahoma the sale of said beverage had been legalized, and that it was not an offense for one to drive an automobile while under the influence of said beverage.

The defendant contends the court erred in refusing to give the following requested instruction:

"You are further instructed that before you find the defendant guilty of the crime alleged in the information the state must prove beyond a reasonable doubt that the defendant's alleged condition was brought about and induced by intoxicating liquor as defined in these instructions, and in this connection you are instructed that any condition induced or brought about by the use of beer containing no more than 3.2 per cent. alcohol by weight is lawful and the operation of a motor vehicle upon the highway of this state, while under the influence of any beverage containing no more than 3.2 per cent. alcohol by weight is not a crime, and is not punishable as such; and therefore, in this case, if you entertain a reasonable doubt that the defendant's alleged condition was induced by his having consumed beer or any other beverage containing no more than 3.2 per cent. alcohol by weight, it is your duty to return a verdict of not guilty."

Since the appeal was filed in this case, this court in three cases (Ashcraft v. State, 68 Okla. Cr. 308, 98 P. 2d 60; Odom v. State, 68 Okla. Cr. 117, 95 P. 2d 916; Curtis v. State, 69 Okla. Cr. 278, 101 P. 2d 1062) has decided this contention adversely to the claim of the defendant. Reference is hereby made to these cases for an extended discussion of the intention of the Legislature as viewed by this court in the passage of the act in question, which is known as the Non-Intoxicating Beverage Act.

In the case of Ashcraft v. State, supra, the rule of law applicable to this character of cases is set forth in the syllabus which reads as follows:

"1. Section 1, chapter 153, Session Laws of 1933, 37 Okla. St. Ann. § 151, defines what is 'intoxicating' and 'non-intoxicating' liquors. The definition under this act was for the purpose of thus classifying beverages, as a foundation for the subsequent licensing and taxing provision. It was not intended to regulate the provisions of the law with reference to the enforcement of the criminal statutes.

"2. Section 10324, O. S. 1931, 47 Okla. St. Ann. § 93, makes it an offense for one who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, to operate or drive a motor vehicle on any highway within this state.

"3. Under this statute it was the intention of the Legislature to punish those who were in fact 'under the influence of intoxicating liquor,' whether it be caused from drinking beer with an alcoholic content of 3.2 per cent or liquor in excess thereof."

The proof in this case shows that the defendant was in fact intoxicated and no error appears in the instructions which were given.

The judgment is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.