FIRST FINANCIAL INSURANCE
COMPANY, Plaintiff–
Appellee,

v.

Marilyn I. ROACH; Joy Warren,
Defendants–Appellants,

and

John A. McClung, doing business as Pond Creek Country Club; Donald F. Dennis; Dennis Plumbing Company; The Estate of Orville Virgil Rathjen; Jimmy D. Enterprises, Ltd., doing business as Frisco Bar; James A. Dempewolf; Brenda Carr, individually, and as guardian of the person and Estate of Shane J. Dillon, a surviving minor child, and as surviving parent of Jodi Lee Dillon, deceased, and as surviving parent of Katie Alison Dunsworth, deceased, Defendants.

FIRST FINANCIAL INSURANCE
COMPANY, Plaintiff–
Appellee,

v.

Marilyn I. ROACH; Joy Warren; Donald F. Dennis; Dennis Plumbing Company; The Estate of Orville Virgil Rathjen; Brenda Carr, individually, and as guardian of the person and Estate of Shane J. Dillon, a surviving minor child, and as surviving parent of Jodi Lee Dillon, deceased, and as surviving parent of Katie Alison Dunsworth, deceased, Defendants,

and

John A. McClung, doing business as Pond Creek Country Club; Jimmy D. Enterprises, Ltd., doing business as Frisco Bar; James A. Dempewolf, Defendants–Appellants.

FIRST FINANCIAL INSURANCE
COMPANY, Plaintiff–
Appellee,

v.

Marilyn I. ROACH; Joy Warren; John A. McClung, doing business as Pond Creek Country Club; Donald F. Dennis; Dennis Plumbing Company; The Estate of Orville Virgil Rathjen; Jimmy D. Enterprises, Ltd., doing business as Frisco Bar; James A. Dempewolf, Defendants,

and

Brenda Carr, individually, and as guardian of the person and Estate of Shane J. Dillon, a surviving minor child, and as surviving parent of Jodi Lee Dillon, deceased, and as surviving parent of Katie Alison Dunsworth, deceased, Defendant–Appellant.

Nos. 95–6216, 95–6217 and 95–6222.

United States Court of Appeals,
Tenth Circuit.

April 1, 1996.

Gerald E. Durbin, David B. Donchin and J. John Hager, Jr., of Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Plaintiff–Appellee.

Stephen Jones and Michael D. Roberts of Jones, Wyatt & Roberts, Enid, Oklahoma, for Defendants–Appellants Jimmy D. Enterprises, Ltd., doing business as Frisco Bar, James A. Dempewolf, and John A. McClung, doing business as Pond Creek Country Club.

Craig L. Box of Gungoll, Jackson, Collins & Box, Enid, Oklahoma, for Defendant–Appellant Brenda Carr.

Sarah J. Rhodes and Philip Bohanon, of Abowitz & Rhodes, P.C., Oklahoma City, Oklahoma, for Defendants–Appellants Marilyn I. Roach and Joy Warren.

Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.

HOLLOWAY, Circuit Judge.

These consolidated appeals arise from the district court's grant of summary judgment in a declaratory judgment action, based on diversity of citizenship, filed by plaintiff First Financial Insurance Company (First Financial).[1] Plaintiff sought a determination as to whether insurance policies issued to appel-

---

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

lant John McClung d/b/a Pond Creek Country Club and appellant Jimmy D. Enterprises, Ltd. d/b/a Frisco Bar provide coverage for liability arising in an action pending in Oklahoma state court, and, consequently, whether it had a duty to defend based on those policies.

The state court action centers around an automobile accident in which several people were killed. The plaintiffs in that action claim that Pond Creek Country Club and Frisco Bar served 3.2 beer to a customer who was already intoxicated. They further claim that the customer left the businesses and caused the automobile accident that resulted in the deaths.

First Financial issued insurance policies to Pond Creek and Frisco, in effect at the time of the accident, that contain the following exclusion from coverage:

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

Appellants' App. Vol. I at 38, 94. First Financial maintains that this exclusion regarding "alcoholic beverages" includes beer containing 3.2% alcohol and, therefore, no coverage exists under the policies and no duty to defend arises therefrom. Defendants argue that 3.2 beer is not an alcoholic beverage, or, at the very least, that the term is ambiguous because it is susceptible to two meanings and, therefore, that summary judgment was inappropriate.

The district court granted summary judgment in favor of First Financial. It found, as a matter of law, that the terms of the insurance policies are not ambiguous and that the term "alcoholic beverage" should be given its plain and ordinary meaning. The court went on to find that, under the plain and ordinary meaning, "alcoholic beverage" includes 3.2 beer.

We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court.

*Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir.1995)(quotations omitted). Applying this standard in our review of the district court's order, we affirm.

As the district court found, the existence of ambiguity in a contract is a question of law. *Shadoan v. Liberty Mut. Fire Ins. Co.*, 894 P.2d 1140, 1142 (Okla.Ct.App. 1994), *cert. denied* (March 22, 1995). "Unless some technical sense is indicated, the words of a written contract are to be understood in their ordinary and popular sense." *Id.* On the other hand, "[i]f the meaning of a contract term is uncertain, or the term can bear more than one reasonable interpretation, the term is ambiguous, and must be interpreted most favorably to the insured." *Id.; see also Houston v. National Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir.1987). We agree with the district court that the term "alcoholic beverage" in these insurance policies is not ambiguous and should be given its plain and ordinary meaning. There is no affirmative indication that a technical sense

or different meaning was intended. According to Webster's Third New International Dictionary, 1993, "alcoholic" is defined as "of, relating to, or having the characteristics of alcohol ... composed of or containing alcohol: intoxicating." "Beverage" is defined as a liquid for drinking other than water, with beer given as a parenthetical example. No one disputes that 3.2 beer contains alcohol. In fact, under the Oklahoma statutory definition relied on by defendants to argue that 3.2 beer is not an alcoholic beverage, 3.2 beer is defined as a beverage containing not more than 3.2% "alcohol" by weight. *See* Okla. Stat. tit. 37, § 163.2(a). It is clear that 3.2 beer falls within the plain and ordinary meaning of "alcoholic beverage." In addition to simply being a beverage that contains alcohol, it is indisputably a beverage that can be intoxicating if consumed in sufficient quantities. *See Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n*, 975 F.2d 1459, 1463 (10th Cir.1992)("[I]t cannot be disputed that a substance containing 3.2 percent of alcohol by weight will produce intoxication when consumed in sufficient quantities."); *Mansfield v. Circle K. Corp.*, 877 P.2d 1130, 1134 (Okla.1994)(noting that minor became intoxicated after being illegally sold 3.2 beer).

■ Defendants rely heavily on Oklahoma statutes in arguing that 3.2 beer is not an alcoholic beverage under Oklahoma law and, therefore, neither can it be an alcoholic beverage as that term is used in the insurance policies. Okla. Stat. tit. 37, § 506(3) states that, when used in the Oklahoma Alcoholic Beverage Control Act,

"Alcoholic beverage" means alcohol, spirits, beer, and wine as those terms are defined herein and also includes every liquid or solid, patented or not, containing alcohol, spirits, wine or beer and capable of being consumed as a beverage by human beings, but does not include nonintoxicating beverages as that term is defined in Section 163.2 of this title.

Okla. Stat. tit. 37, § 163.2(a)[2] defines "Nonintoxicating beverages" as meaning and including

beverages containing more than one-half of one percent (1/2 of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight, including but not limited to beer or cereal malt beverages obtained by the alcoholic fermentation of an infusion of barley or other grain, malt or similar products.

Defendants argue that the Oklahoma statutory definition of 3.2 beer as a nonintoxicating beverage is incorporated into the contracts of insurance and, therefore, 3.2 beer cannot be an "alcoholic beverage" within the meaning of those contracts. We disagree. Oklahoma courts have held that the statutory definition of "nonintoxicating beverages" was for the purpose of classifying beverages as a foundation for the subsequent licensing and taxing provisions, and it is neither helpful nor controlling for purposes outside of that realm. *Foglesong v. State*, 69 Okla.Crim. 360, 103 P.2d 106, 107 (1940)(finding statutory definition not intended to regulate law regarding enforcement of criminal statutes, citing *Ashcraft v. State*, 68 Okla.Crim. 308, 98 P.2d 60, 64 (1940)); *Citizen Band Potawatomi Indian Tribe*, 975 F.2d at 1463, 1465 (holding statutory classification has no bearing on state authority to regulate tribal sales of 3.2 beer); *see also Oklahoma Alcoholic Beverage Control Bd. v. Parkhill Restaurants, Inc.*, 669 P.2d 265, 270 (Okla.1983)(stating provisions of Alcoholic Beverage Control Act to be construed for purpose of state's police power to protect welfare and safety of people of state). The statutory classifications do nothing to change the plain and ordinary meaning afforded the term "alcoholic beverage" in the insurance policies.

■ Finally, defendants maintain that the policy exclusions regarding alcoholic beverages do not apply to the state court action claims for piercing the corporate veil in an attempt to establish personal liability to de-

---

**2.** Since the circumstances giving rise to this controversy arose in October 1992, Okla. Stat. tit. 37, § 163.2 has been amended. The new version replaces the term "nonintoxicating beverages" with "low-point beer." All references to the statute for purposes of this case are to the version in effect prior to the 1995 amendment.

fendant James Dempewolf. The district court, however, convincingly stated:

> [d]efendant Dempewolf's argument that the liquor liability exclusion does not apply to the underlying state court lawsuit cause of action of piercing the corporate veil against him personally is equally without merit. Any liability Dempewolf would have in the underlying state court action would necessarily stem from the serving of 3.2 beer (an alcoholic beverage) to an already intoxicated person. Therefore this Court's ruling that there is no coverage for the insured and that plaintiff has no duty to defend would apply to the defense of Dempewolf as well.

Appellants' App. Vol II at 385. The district court's grant of summary judgment is AFFIRMED.