UNITED STATES COURT OF APPEALS

**Filed 9/30/96**

TENTH CIRCUIT

SHEFFIELD INSURANCE
CORPORATION,

    Plaintiff-Appellant,

    v.

RANDY L. BEESLEY, individually;
JOANN BEESLEY, individually;
RANDY L. BEESLEY, as next friend and
guardian of Charlene Beesley, a minor,

    Defendant,

    and

BEELINE GROCERY, INC., an
Oklahoma corporation,

    Defendant-Appellee.

No. 95-7157
(D.C. No. CV-94-646-P)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.

Sheffield Insurance Corporation appeals from a summary judgment entered in

favor of Beeline Grocery in a declaratory judgment action. We conclude this court's

recent decision in First Financial Insurance Co. v. Roach, 80 F.3d 426 (10th Cir. 1996), is

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

controlling, and reverse and remand with directions.

Randy and Joann Beesley filed an action against Beeline, a convenience store, alleging it negligently sold alcoholic beverages to Roberta Pamela Doty. The Beesleys' daughter was injured while she was a passenger in a vehicle driven by Doty that was involved in a motor vehicle accident. The Beesleys alleged Beeline should have known Doty was intoxicated at the time of the sale.

Beeline carried several commercial liability insurance policies with Sheffield. When the Beesleys sued Beeline, Beeline requested indemnity from Sheffield and invoked Sheffield's duty to defend under policy SB4000192.[1] Sheffield refused, pointing to the following alcoholic beverage exclusion in that policy:

> 7. We do not pay for bodily injury or property damage for which an insured may be held liable by reason of:
> a. causing or contributing to the intoxication of a person;
> b. the furnishing of alcoholic beverages to a person under the influence of alcohol; or
> c. a law or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Appellant's append. at 23. The policy provides that the exclusion applies only if the insured is in the business of manufacturing, distributing, selling, or serving alcoholic beverages. Sheffield brought the present declaratory judgment action pursuant to 28 U.S.C. § 2201, seeking a determination that exclusion 7 relieved Sheffield of any liability in the suit brought by the Beesleys. Beeline counterclaimed, alleging the exclusion is inapplicable because it was not in the business of selling "alcoholic beverages" as defined by Okla. Stat. tit. 37, § 506(3). At the time of the counterclaim, § 506(3) distinguished

_____

[1] The district court found that SB4000192 is the applicable policy and the parties do not challenge this finding.

between "alcoholic beverages," such as whiskey, and "nonintoxicating beverages," such as 3.2 percent beer as defined by Okla. Stat. tit. 37, § 163.2(a). The district court agreed with Beeline and concluded the exclusion was inapplicable because Beeline was not in the business of selling "alcoholic beverages" as that term is defined by Oklahoma statutes.

This case is controlled by First Financial, 80 F.3d 426, which also arose in Oklahoma. In that case, an insurer brought a declaratory judgment action seeking a determination as to whether an alcoholic beverage exclusion precluded coverage of two insured businesses sued by automobile accident victims of the businesses' intoxicated patrons. The policy contained the following exclusion from coverage:

> (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
> (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
> (2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
> (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
> (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person.

Id. at 428. The district court held the term "alcoholic beverage" was not ambiguous and should be given its plain and ordinary meaning, which clearly included 3.2 percent beer. This court affirmed the district court, rejecting the insureds' argument that §§ 163.2(a) and 506(3), which define 3.2 percent beer as a "nonintoxicating beverage" as opposed to an "alcoholic beverage," were incorporated into the policy exclusion. We cited Oklahoma cases which held "the statutory definition of 'nonintoxicating beverages' was for the purpose of classifying beverages as a foundation for the subsequent licensing and taxing provisions, and it is neither helpful nor controlling for purposes outside that realm." Id. at

3

429. We concluded "[t]he statutory classifications do nothing to change the plain and ordinary meaning afforded the term 'alcoholic beverage' in the insurance policies." Id.

In the present case, the district court read the policy to incorporate §§ 163.2(a) and 506(3). The parties point to nothing in the court's order to indicate it relied on a separate provision in the policy or circumstances surrounding the parties' execution of the policy that would enable us to distinguish the language of exclusion 7 from that of the exclusion in First Financial. Applying this court's reasoning in First Financial, the language in both is unambiguous and the plain meaning of "alcoholic beverage" includes 3.2 percent beer.

Reversed and remanded with directions to enter summary judgment in favor of Sheffield.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4