COMMONWEALTH *vs.* CHARLES BRIDGES.

Middlesex.     February 5, 1934. — March 26, 1934.

Present: CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Intoxicating Liquor. Motor Vehicle,* Operation.

Section 1 of St. 1933, c. 97, amending G. L. (Ter. Ed.) c. 138, § 1, by changing the definition of "Certain non-intoxicating beverages" from "beverages containing . . . not more than two and three fourths per cent of alcohol by weight" to "beverages containing . . . not more than three and two tenths per cent of alcohol by weight" did not amount to a permission from the Commonwealth that a person might drink any quantity of such a beverage without being considered to have come under the influence of intoxicating liquor.

At the trial of a complaint charging operation of a motor vehicle while under the influence of intoxicating liquor after the effective date of St. 1933, c. 97, § 1, it was proper for the trial judge to instruct the jury that, "notwithstanding the fact that the defendant had been drinking 3.2 beer by weight, . . . if, in fact, he became perceptibly

influenced thereby, he could be found guilty of the offence as charged in the complaint": so far as concerns G. L. (Ter. Ed.) c. 90, § 24, any liquor is intoxicating if it in fact is capable of subjecting a person to its alcoholic influence.

COMPLAINT, received and sworn to in the First District Court of Eastern Middlesex on June 26, 1933, described in the opinion.

On appeal, the complaint was tried before *Buttrick*, J., a judge of a district court sitting in the Superior Court under statutory authority, and the defendant was found guilty. The judge reported the case for determination by this court.

*E. J. Bushell*, for the defendant.

*P. R. Foisy*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was charged in a complaint which alleges that on July 17, 1933, at Medford, in the county of Middlesex, he operated a motor vehicle while under the influence of intoxicating liquor. G. L. (Ter. Ed.) c. 90, § 24. Upon appeal the case was tried before a jury who found the defendant guilty. The judge instructed the jury that "notwithstanding the fact that the defendant had been drinking 3.2 beer by weight, that if, in fact, he became perceptibly influenced thereby, he could be found guilty of the offence as charged in the complaint." The case is reported to this court for a determination of the question whether the court erred in giving the instruction.

G. L. (Ter. Ed.) c. 138, § 1, defined "Certain non-intoxicating beverages" as "all beverages containing not less than one half of one per cent and not more than two and three fourths per cent of alcohol by weight at sixty degrees Fahrenheit. Such beverages shall be deemed not to be intoxicating liquor." This statute was amended by St. 1933, c. 97, § 1, by striking out in the fifth and sixth lines the words "two and three fourths per cent of alcohol by weight at sixty degrees Fahrenheit" and inserting in place thereof the words "three and two tenths per cent of alcohol by weight . . . ." It is apparent from the preamble to the act that its purpose was "to enable the manufacture and the preparation within the commonwealth, in conformity with

the requirements of federal law, of certain alcoholic beverages the sale whereof . . . [had] been made lawful by act of Congress." The statute has no relation to the offences set forth in G. L. (Ter. Ed.) c. 90, § 24, under which this complaint was drawn. Within the intent of that statute any liquor is intoxicating which in fact is capable of subjecting a person to its alcoholic influence. See *Commonwealth* v. *Lyseth*, 250 Mass. 555. The statute (St. 1933, c. 97) did not amount to a warranty on the part of the Commonwealth that a person might drink any quantity of such a beverage without coming under the influence of intoxicating liquor. The instruction given to the jury was not erroneous.

*Judgment affirmed.*