Argued December 3, 1971, affirmed in part; reversed in part,
January 14, petition for rehearing denied February 8,
petition for review denied April 18, motion to
reconsider petition for review denied
May 10, 1972

## STATE OF OREGON, *Respondent, v.* JACK HORTON MILES (No. C-60708), *Appellant.*

492 P2d 497

*John A. Pickard,* Portland, argued the cause for appellant. With him on the brief were Dardano & Mowry, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted of (1) driving while under the influence of intoxicating liquor;[1] (2) driving

---

[1] ORS 483.992(2):

"Any person who, while being under the influence of intoxicating liquor, dangerous drugs or narcotic drugs, drives any vehicle upon any highway, street or thoroughfare within this state, shall be punished, upon conviction, by imprisonment in the county or municipal jail for not more than one year, or by fine of not more than $1,000, or both."

while his operator's license was suspended;[2] and (3) driving with no operator's license in his possession.[3]

Initially, defendant was convicted of the same charges in district court after trial without a jury. He then appealed to circuit court where the case was tried *de novo* with a jury, but with the same result. He appeals claiming 12 separate errors by the circuit court.

■ In his first assignment defendant contends that the trial judge erred by not instructing the jury that "each element of the offense of driving under the influence must be proved beyond a reasonable doubt * * *." He points to the following instruction:

"Now, in what I shall refer to as Count I, Driving While Under The Influence of Intoxicating Liquor, the state is required to prove each of the material elements of this crime. * * *",

to which defendant excepted as follows:

"* * * I except to the failure of the Court to emphasize that the State must prove each element

---

[2] ORS 482.650:

"No person whose operator's or chauffeur's license, or whose right or privilege to operate a motor vehicle, or whose right to apply for a license to operate a motor vehicle in this state has been suspended or revoked, under any provision of law, shall drive any motor vehicle in this state during the period stated in the division's order of suspension or revocation. A license, permit or registration certificate issued by any other jurisdiction shall not constitute authorization for a person to operate a motor vehicle in this state during the period of such suspension or revocation."

[3] ORS 482.300(2):

"The licensee shall have such license in his immediate possession at all times when driving a motor vehicle, and shall display it upon the demand of a justice of the peace, a peace officer, or a field deputy or inspector of the division. It is a defense to any charge under this subsection that the person so charged produce in court an operator's or chauffeur's license that had been issued to him and was valid at the time of his arrest."

of the offense, each individual element of the offense beyond a reasonable doubt. * * *"

■ In reviewing the trial court's instructions, we must keep in mind the rule that for an instruction standing alone to constitute reversible error it must have been such as would have prejudiced the defendant when the instructions are considered as a whole. *State v. Gowin,* 241 Or 544, 548, 407 P2d 631 (1965); *State v. Hammick,* 2 Or App 470, 472-73, 469 P2d 800 (1970). When the court's instructions are examined and considered in their entirety, the omission complained of was not misleading. The requirement that the state must prove each material element beyond a reasonable doubt was clearly stated at another point in the court's instructions.

"In deciding this case, you are to consider all of the evidence which you find worthy of belief presented by either party bearing on each issue in the case, bearing in mind that the State has the burden of proving beyond a reasonable doubt each and every material allegation of the Indictment."

We are satisfied that the jury was not misled by the omission of the phrase "beyond a reasonable doubt" at the point in the instructions where defendant complains it should have been.

■ In defendant's second assignment, he contends that the trial court erred in convicting defendant of both driving while his operator's license was suspended and driving without an operator's license. We agree.

Violations of ORS 482.300 and 482.650 constitute two separate and distinct offenses. However, a single act of driving by the same individual on the same occasion cannot give rise to a violation of both pro-

visions at the same time because driving with no operator's license in his possession presumes the existence of a valid license, whereas driving while suspended is based upon a prior license suspension, indicating the nonexistence of a valid license to operate a motor vehicle. Thus the two offenses are mutually incompatible under the above circumstances. 33 Op Att'y Gen 459 (1967); Fisher, Vehicle Traffic Law 375 (1961). For this reason defendant's conviction and sentence for driving without a driver's license in his possession must be vacated.

■ In defendant's sixth assignment, he claims error in allowing the prosecutor to question him about his previous traffic convictions. In his direct examination defendant's counsel asked defendant if he had been convicted of any such offenses in the past three years, to which he replied that he had not. On cross-examination the prosecutor elicited, over objection, that defendant had been convicted of several offenses earlier. Defendant insists this was improper. His contention is unsound. Defendant placed his character in issue as part of his own defense. Having opened the door part way, he cannot prevent the prosecutor from opening it the rest of the way. *State v. Rowley,* 6 Or App 13, 17-19, 485 P2d 1120, Sup Ct *review denied* (1971); *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970).

■ In his eighth assignment defendant contends that the court erred by instructing that "beer is considered an intoxicating beverage under the statute"; that this amounts to "signaling [sic] out beer as an intoxicating liquor, as essentially commenting on the evidence * * *."

We consider first whether this instruction was a correct statement of the law.

ORS 483.992 (2) makes it a crime to drive "while being under the influence of intoxicating liquor." Nowhere in this statute do we find a definition of "intoxicating liquor." The state in its brief points to ORS 471.005 of the Oregon Liquor Control Act as authority for its statement that "beer is an intoxicating liquor." But that section, as well as ORS 472.010 of the same Act, defines *"alcoholic* liquor"[4] (emphasis supplied) for purposes of that Act, and would not be applicable. *See Commonwealth v. Bridges,* 285 Mass 572, 189 NE 616 (1934); *Douglas v. State,* 93 Okla Cr 132, 225 P2d 376 (1950).

As far as we can determine, the question what is "intoxicating liquor" under ORS 483.992 (2) has never been decided in this state.

Under ORS 41.410 (1) the trial judge was entitled to take judicial notice that beer is capable of producing a state of intoxication and that beer is therefore "intoxicating liquor."[5] *See State v. Carmody,* 50 Or 1, 91 P 446, 91 P 1081 (1907).

---

[4] ORS 471.005(1):

" 'Alcoholic liquor' means any alcoholic beverage containing more than one-half of one percent alcohol by volume, and every liquid or solid, patented or not, containing alcohol, and capable of being consumed by a human being."

ORS 472.010(1):

"The words 'alcoholic liquor' mean any alcoholic beverage containing more than one-half of one percent alcohol by volume, and every liquid or solid, patented or not, containing alcohol, and capable of being consumed by a human being."

[5] The decisions in other jurisdictions have generally held that statutes virtually identical to ours prohibiting the driving of an automobile while under the influence of intoxicating liquor were intended to punish those who were in fact under the influence of intoxicating liquor, whether intoxication was caused by beer with alcoholic content of 3.2 per cent or by liquor with greater alco-

■■ We agree with the trial court's instruction that beer is "intoxicating liquor" within the meaning of ORS 483.992 (2), and that this section was intended to punish those who were operating a motor vehicle while under the influence of alcoholic liquor, whether such intoxication was produced by consuming beer, wine or any other substance which contains alcohol in such per cent as will produce some degree of intoxication when taken in a quantity that may practically be consumed. See *Cook v. State,* 220 Ga 463, 139 SE2d 383, 386 (1964); *Commonwealth v. Bridges,* supra; *Douglas v. State,* supra; *Drew v. State,* 71 Okla Cr 415, 112 P2d 429 (1941); *Curtis v. State,* 69 Okla Cr 278, 101 P2d 1062 (1940); Annotation, 142 ALR 555, 562 (1943).

As the court said in *State v. Robinson,* 235 Or 524, 532, 385 P2d 754 (1963):

"It is not essential to propound an intricate definition of 'under the influence of intoxicating liquor' to acquaint the jury with its import. * * *"

Secondly, defendant testified that he had been drinking only beer prior to his arrest. In view of this evidence the trial judge's instruction was in order and did not constitute "commenting on the evidence."

■ Finally, defendant's tenth assignment attacks the state's requested instruction which was directed to defendant's testimony that his condition was the result of pills he had been taking for a stomach ailment. The challenged instruction was as follows:

"If the defendant was in such a physical condi-

holic content. See Cook v. State, 220 Ga 463, 139 SE2d 383, 386 (1964); Commonwealth v. Bridges, 285 Mass 572, 189 NE 616 (1934); Douglas v. State, 93 Okla Cr 132, 225 P2d 376 (1950); Drew v. State, 71 Okla Cr 415, 112 P2d 429 (1941); Curtis v. State, 69 Okla Cr 278, 101 P2d 1062 (1940).

tion that he thereby was more susceptible to the influence of intoxicating liquor than he otherwise would have been, and by reason thereof was under the influence from the recent use of alcoholic liquor, he would be in the same position as though his being under the influence was produced by the alcoholic liquor alone.

"A defendant who is in a condition whereby he may become under the influence of a lesser quantity of alcohol that it would ordinarily take is, nevertheless, under the influence of intoxicating liquor. ✻ ✻ ✻ "

The above instruction was clearly applicable to the case in view of defendant's testimony that he had been taking medication and that the pills impaired his normal mental and physical faculties; the instruction was a correct statement of the law. *See Kessler v. State*, 136 Tex Cr 340, 125 SW2d 308, 309 (1939); *Harrell v. City of Norfolk*, 180 Va 27, 21 SE2d 733, 735-36 (1942). *Cf. State v. Evans*, 1 Or App 282, 460 P2d 1021 (1969).

Defendant's other assignments do not merit discussion.

Accordingly, the conviction and sentence of defendant for driving with no operator's license in his possession must be vacated and set aside. The convictions and sentences for driving while under the influence of intoxicating liquor and driving while his operator's license was suspended are affirmed.

Affirmed in part; reversed in part.