Argued and submitted June 19, 1989, reversed and remanded for new trial
January 17, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# VINCE HUCK,
*Appellant.*

## (07820A; CA A50958)

785 P2d 785

Steven L. Price, Hillsboro, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010.[1] He argues that the trial court erred in denying his motion for acquittal[2] and in giving an instruction to the jury. We reverse and remand.

On June 11, 1988, at approximately 3:30 a.m., Deputy Sheriffs Poetter and Morrissey saw defendant and another person, Southworth, standing on the side of a road. Defendant was attempting to start a motorcycle. Poetter asked defendant if he had been operating the motorcycle. Defendant said "yes" and that he had lost control and had had an accident. Poetter noticed that defendant was unsteady on his feet, that his speech was somewhat slurred and that he smelled moderately of alcohol. When Poetter asked him if he had been drinking, he admitted that he had drunk one and a half beers before 7:00 p.m. that night and that he had taken a pain killer, Vicodin, about 12 hours earlier. When asked if he was injured, he said that he had hurt his arm but was all right otherwise. He then agreed to perform field sobriety tests, on which he performed poorly. When asked to stand on one foot for 30 seconds, he lifted one foot off the ground but soon dropped it and said, "You've got me. You might as well take me to jail." Defendant also had difficulty in performing other tests involving balance and counting. Poetter concluded that defendant had been driving under the influence of intoxicants, placed him under arrest and transported him to the county jail. Defendant refused to submit to an Intoxilyzer test.

A bartender who worked at a tavern where defendant had been that night testified that defendant had been at the tavern between 1:30 and 2:30 a.m. and had drunk one and one-half 15-ounce glasses of beer. The bartender did not think that defendant was under the influence when he left the tavern.

---

[1] ORS 813.010 provides, in pertinent part:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance."

[2] Defendant's motion for acquittal was only directed to the charge of driving under the influence of a controlled substance or the combined effect of a controlled substance and liquor. He did not move for a judgment of acquittal for driving under the influence of intoxicating liquor.

Southworth, the person with defendant, said that defendant was giving him a ride to a motel at the time of the accident and that he, too, did not think that defendant was under the influence of intoxicants. Defendant admitted at trial that he had had one beer at his home at 6:00 p.m. and one and one-half beers at the tavern. He also testified that he had taken a Vicodin tablet about 12 hours before the accident. Defendant stipulated that Vicodin is a controlled substance.

■　　　Defendant's first assignment of error is that the trial court erred in denying his motion for judgment of acquittal of driving under the influence of a controlled substance and of driving under the combined influence of a controlled substance and intoxicating liquor. Defendant argues that the state did not present evidence that Vicodin is an intoxicant. He contends that that evidence was necessary, because a jury could not infer that it is an intoxicant simply because it is a controlled substance under ORS 475.005(6) and, therefore, there was not sufficient evidence to support a conviction based on a finding that he was "under the influence" of a controlled substance. We disagree.

■■　　ORS 813.010 prohibits driving under the influence of a controlled substance, intoxicating liquor or the combined influence of both. That statute embodies a legislative determination that liquor and controlled substances can interfere with a person's mental and physical ability to the extent that the person is "under the influence." It is not necessary for the state to present evidence that a controlled substance is *capable* of impairing a person's mental and physical abilities. *See* ORS 813.010; *State v. Robinson,* 235 Or 524, 531-32, 385 P2d 754 (1963). Whether the controlled substance by itself, or in combination with intoxicating liquor, did *in fact* impair the person's abilities to the extent that the person was "under the influence" is a question for the trier of fact.

Defendant admitted that he had consumed both alcohol and a controlled substance. There was also evidence that defendant's mental and physical abilities were noticeably impaired. From that evidence, the jury could have found that defendant was under the influence of either the alcohol or the Vicodin or a combination of the two. Although defendant claimed that he did not consume much alcohol or Vicodin and that his behavior was attributable to a head injury that he

suffered in the accident, the jury was not required to believe him. ORS 44.370; *State v. Fleming,* 232 Or 412, 415, 375 P2d 831 (1962).

Defendant's second assignment of error is that the trial court erred in giving a so-called "*Miles* instruction."[3]

"If you find the evidence that the defendant was in such a physical condition that he was more susceptible to the influence of intoxicants than he would otherwise be, and as a result of being in that physical condition the defendant became under the influence by a lesser quantity of intoxicants than it would otherwise take, the defendant is nevertheless under the influence of intoxicants." Uniform Criminal Jury Instruction No. 2706.

Defendant argues that the instruction is erroneous, because there was no evidence that Vicodin made him more susceptible to the effects of alcohol. The state agrees that there was no evidence of that but, contends that, based on its common sense and experience, the jury could infer that consumption of a muscle relaxant, such as Vicodin, could increase a person's susceptibility to the intoxicating effects of liquor and that, therefore, it was proper to give the instruction.

We hold that there must be evidence that Vicodin made defendant more susceptible to the effects of alcohol than he otherwise would have been to support the giving of the *Miles* instruction. In the absence of such evidence, the instruction could have confused the jury by suggesting that Vicodin made defendant more susceptible to alcohol and that there was evidence to that effect when, in fact, there was no evidence of that sort. We conclude that the instruction was likely to mislead the jury to defendant's prejudice and, therefore, it should not have been given.[4]

Reversed and remanded for a new trial.

---

[3] *State v. Miles,* 8 Or App 189, 492 P2d 497, *rev den* (1972).

[4] We held in *State v. Miles, supra,* 8 Or App at 196-97, that the instruction was proper when there was evidence that the medication that the defendant was taking could have impaired his mental and physical faculties. Whether there must be evidence of increased susceptibility for the instruction to be given was not addressed in *Miles.*