Argued and submitted April 30, affirmed December 30, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD LEE ANDERSON,
*Appellant.*

(91CR-0090; CA A69547)

844 P2d 923

Alan H. Biedermann, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Michael M. Pacheco, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010.[1] He argues that the trial court erred in giving the *"Miles* instruction"[2] to the jury. We affirm.

On December 31, 1990, at approximately 10:00 p.m., State Trooper Pearson saw defendant riding a motorcycle and stopped him, because he was speeding and weaving in his lane. He noted that defendant's speech was slow and slurred, that his eyes were watery and bloodshot and that his breath had a strong odor of alcohol. Pearson asked him if he had been drinking. Defendant said that he had drunk four pints of beer before he left a nearby tavern. He also told Pearson that he had taken "anti-schizophrenic medication" (serentil and lithium) earlier that day. Pearson asked him if his doctor had cautioned him about the effects of the medication combined with alcohol. He said that his doctor told him not to drink "to excess" while taking the medication. Defendant performed poorly on the field sobriety tests, and he was arrested for driving under the influence of intoxicants. An intoxilyzer test showed that his blood alcohol level was .07%.

■     Defendant assigns error to the trial court giving this instruction:

> "Now if you find from the evidence that [defendant] was in such a physical condition that he was more susceptible to the influence of intoxicants than he would otherwise be, and as a result of being in that physical condition that he became under the influence by a lesser quantity of intoxicants than it would otherwise take, he is nevertheless under the influence of intoxicants."

---

[1] ORS 813.010 provides, in part:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"* * * * *

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance."

[2] *State v. Miles,* 8 Or App 189, 492 P2d 497, *rev den* (1972).

Defendant, relying on *State v. Huck*, 100 Or App 193, 785 P2d 785 (1990), argues that the instruction was erroneous, because there was insufficient evidence to support an inference that the anti-schizophrenic medication made defendant more susceptible to the effects of alcohol than he otherwise would have been.

■　Generally, a party is entitled to have any theory of the case presented to the jury, if there is some evidence to support it. *State v. Brown*, 306 Or 599, 602, 761 P2d 1300 (1988). In *State v. Huck, supra,* we held that giving the *Miles* instruction was error, because there was *no* evidence that the medication that the defendant was taking made him more susceptible to the effects of alcohol than he otherwise would have been. 100 Or App at 197.

Here, there is evidence that defendant's medication made him more susceptible to the effects of alcohol. Defendant told Pearson that his doctor had cautioned him about drinking to excess while taking the medication. Pearson testified that, on the basis of his observations, he believed that defendant was under the influence of a combination of alcohol and the anti-schizophrenic medication. Defendant's mother also testified that she had witnessed the effects that serentil sometimes had on her son and that, although it did not seem to affect him adversely in regular dosages, in larger doses it caused him to lose motor function and made it impossible for him to read. That evidence is sufficient to support giving the *Miles* instruction, because it provided a basis on which the jury could conclude that taking the medication increased defendant's susceptibility to the effects of alcohol.

Affirmed.