Argued and submitted November 20, 1998, reversed and remanded for new trial
March 8, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD P. MCFERON,
*Appellant.*

(Z435586; CA A97453)

999 P2d 470

Kimi Nam, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before, Landau, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals from his conviction for driving under the influence of intoxicants (DUII), ORS 813.010. On appeal, defendant argues that the trial court erred in admitting certain testimony by "drug recognition experts," in denying his motion for a mistrial, in denying his motion for judgment of acquittal, and in instructing the jury. For the following reasons, we reverse and remand for a new trial.

■     On appeal from a conviction, we recite the facts in the light most favorable to the state. *State v. Rose*, 311 Or 274, 276, 810 P2d 839 (1991). In January 1997, defendant was stopped by Officer Fennell in Portland for speeding. Fennell noted that defendant had bloodshot and watery eyes and slurred speech. Fennell asked defendant if he had been drinking, and defendant told Fennell no, but he said that he had been taking several medications. Fennell asked defendant to perform field sobriety tests, and defendant performed them poorly.

Based on defendant's statement concerning medications, Fennell then summoned Officer Sorensen, who had received training as a "drug recognition expert." Sorensen noticed a faint odor of alcohol on defendant and, after defendant again did poorly on field sobriety tests, Sorensen concluded that defendant was intoxicated. Defendant was arrested and transported to a police station, where he refused to take a breathalyser test. Another "drug recognition expert," Officer Lankins, also observed defendant. Lankins detected an odor of alcohol coming from defendant, slurred speech, and lack of coordination. Lankins also concluded that defendant was under the influence of alcohol. Defendant told the officers that the medications he was using were Vicodin and Zantac.

Defendant was cited for DUII. ORS 813.010. The original citation and complaint simply stated "DUII." Some time before trial, the citation and complaint was amended to state "DUII Alc. & Drugs." Neither defendant nor his attorney was made aware of that alteration until trial. Defendant objected to the alteration, and the state agreed to proceed

with the case on an alcohol-only theory, rather than on an "alcohol and drug" theory.

Despite the state's agreement that it would not proceed under the amended complaint, the state proposed to offer the testimony of Sorensen and Lankins, the "drug recognition experts," about the effects of Vicodin and Zantac. Defendant objected on the ground that the testimony was not relevant to a prosecution for driving under the influence of alcohol. The trial court admitted the officers' testimony on the ground that the state was not using it to prove that defendant was driving under the influence of alcohol and drugs but that he was driving under the influence of alcohol as "enhanced by a physical condition, to wit, the taking of various medications." Sorensen testified that Vicodin was a narcotic analgesic:

> "[SORENSEN]:   It slows the body down. It basically numbs your ability to feel pain, so enough of it will put you * * * [to] sleep, constricts your pupils, lowers your blood pressure, that type of thing.
>
> "[PROSECUTOR]:   What happens if you take Vicodin in conjunction with alcohol?
>
> "[SORENSEN]:   Well alcohol is a [inaudible] depressant, it basically slows your body down, it depresses your body, and it would have what we call an added effect. If you had one beer and took a Vicodin, it would add to the effects of alcohol."

Sorensen explained that Zantac also was a painkiller and a narcotic analgesic that would have the same effect as Vicodin. Lankins testified that he believed Zantac was a pain killer.[1] Lankins agreed that consumption of a pain killer would enhance the effect of alcohol and "vice-versa." Defendant testified that he is mentally retarded, has a speech impairment, and has physical coordination and balance problems due to scoliosis. He further testified that he was taking Zantac because he has ulcers.

---

[1] Defendant did not rebut this evidence or call into question through cross-examination the accuracy of these pronouncements by the "drug recognition experts." Therefore, we accept only for purposes of this opinion that the common antacid Zantac is a prescription depressant or pain medication.

The trial court instructed the jury that the state was proceeding only under a theory of driving under the influence of intoxicating liquor. It instructed the jury on the phrase "under the influence of intoxicating liquor," *see* Uniform Criminal Jury Instruction (UCrJI) 2701, and explained that the state had to prove that defendant was under the influence of intoxicating liquor. It then instructed the jury under UCrJI 2706:

> "If you find from the evidence that defendant was in such a physical condition that [he] was more susceptible to the influence of *intoxicants* than [he] would otherwise be, and as a result of being in that physical condition defendant became under the influence by a lesser quantity of *intoxicants* than it would otherwise take, [defendant] is nevertheless under the influence of *intoxicants*." (Emphasis added.)

The jury returned a verdict of guilty of "driving under the influence of intoxicants," and this appeal ensued.

Defendant makes seven assignments of error. Initially, we need address only the four of his assignments, which argue that the trial court erred in admitting evidence that defendant was driving under the influence of alcohol and drugs after the state had agreed that it was not proceeding on the amended complaint, which alleged that he was driving under the influence of alcohol and drugs. We first consider defendant's third and fourth assignments of error. Defendant argues that the trial court erred in admitting, over defendant's relevancy objections, the officers' testimony regarding the combined effects of the Vicodin and Zantac on alcohol. Second, we address defendant's assignment that the trial court erred in giving UCrJI 2706 in an alcohol-only prosecution. Finally, we consider defendant's assignment that the trial court erred in denying his motion for judgment of acquittal.

■■ We turn to defendant's relevancy objections. ORS 813.010 provides, in part, that:

> "(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

> "(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the

breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance."

In 1991, the legislature amended ORS 813.010. Subsection (1) remained the same, but the legislature added a new pleading requirement in subsection (2):

"A person may not be convicted of driving under the influence of intoxicants on the basis of being under the influence of a controlled substance *unless the fact that the person was under the influence of a controlled substance is pleaded in the accusatory instrument and is either proved at trial or is admitted by the person through a guilty plea.*" (Emphasis added.)

In *State v. Stiles*, 165 Or App 584, 998 P2d 703 (2000), we addressed whether ORS 813.010(2) precluded the jury's consideration of the defendant's alleged use of a controlled substance (marijuana) where the accusatory instrument did not allege use of controlled substances. After canvassing the legislative history of subsection (2), we concluded that

"the phrase 'being under the influence of a controlled substance,' as used in ORS 813.010(2), necessarily encompasses all cases in which the state contends that the defendant's use of a controlled substance materially contributed to culpable impairment. Consequently, unless the accusatory instrument alleges the use of a controlled substance, the state is precluded from relying on a 'combined' [controlled substance-and-alcohol] DUII theory." *Id.* at 594.

*Stiles* controls here with respect to defendant's relevancy objection to Sorensen's and Lankins' testimony. Both officers testified as to the cumulative or "added" effect of the controlled substances and alcohol. In particular, their testimony indicated that Vicodin and Zantac caused effects similar to those caused by alcohol, that taking either or both was like consuming additional drinks, and that the effects of each of the drugs and alcohol simply added to each other. That testimony about the additive effects of controlled substances may have been highly probative of a "combined" alcohol and

controlled substances DUII, but, given the allegations of the original citation here, that theory was not available to the state. *Id.* In short, the challenged testimony was relevant to a theory not before the jury and irrelevant to the only theory that was properly before it. The court erred in denying the relevancy objection.

We further conclude that that error requires reversal. *See Baker v. English*, 324 Or 585, 589-90, 932 P2d 57 (1997) (error is reversible only if it substantially affected the rights of a party; "The rights of an aggrieved party are substantially affected if the outcome either would have or may have been different had the error not occurred."). Here, the "additive" intoxicant testimony was so inextricably intertwined with the central issues of defendant's intoxication that we cannot say, with any confidence, that its admission did not impermissibly affect the jury's consideration of defendant's culpability. Accordingly, a new trial is required.

■ Because the issue is likely to arise on remand, we address defendant's argument that the court erred in giving the UCrJI 2706 instruction, derived from *State v. Miles*, 8 Or App 189, 492 P2d 497 (1972). Defendant argues that it is improper to give that instruction in any situation where the state is ostensibly proceeding on an alcohol-only theory but simultaneously presents evidence of the use of controlled substances as increasing a defendant's susceptibility to liquor. The state responds that presenting evidence of increased *susceptibility* to alcohol by reason of ingestion of a controlled substance and giving a concomitant *Miles* instruction is perfectly consonant with ORS 813.010(2). We agree with defendant.

In *Miles*, the defendant was charged with driving under the influence of "intoxicating liquor," *former* ORS 483.992(2), and he testified that his condition was caused by medication, not liquor. *Former* ORS 483.992(2) permitted, in short, conviction of any person driving a vehicle on a public street who was "under the influence of intoxicating liquor, dangerous drugs or narcotic drugs." We approved the court's instruction to the jury that:

"If the defendant was in such a physical condition that he thereby was more susceptible to the influence of intoxicating liquor than he otherwise would have been, and by reason thereof was under the influence from the recent use of alcoholic liquor, he would be in the same position as though his being under the influence was produced by the alcoholic liquor alone.

"A defendant who is in a condition whereby he may become under the influence of a lesser quantity of alcohol than it would ordinarily take is, nevertheless, under the influence of intoxicating liquor." *Miles*, 8 Or App at 196-97.

Thus, the instruction expressly directed the jury on what basis it could determine that the defendant was driving under the influence of intoxicating liquor alone.[2]

The state also points to *State v. Anderson*, 117 Or App 495, 498, 844 P2d 923 (1992), and *State v. Huck*, 100 Or App 193, 197, 785 P2d 785 (1990), where we again approved the use of the *Miles* instruction where the defendant's "physical condition" was the taking of drugs. However, all three cases arose before the enactment of ORS 813.010(2). The then-existing version of the statute did not require the state to identify upon which of the three bases—intoxicating liquor alone, controlled substances alone, or intoxicating liquor and controlled substances combined—a defendant was charged and convicted. *See* ORS 813.010 (1989); *former* ORS 483.992.

For example, in *Anderson* we approved the use of the *Miles* instruction where evidence supported a conviction on an alcohol-only basis and the basis of a combination of controlled substances and alcohol. 117 Or App at 498. There, the defendant had consumed four pints of beer as well as anti-schizophrenic medication. The defendant said that his doctor

---

[2] We note that, while the *Miles* instruction informed the jury about the basis for determining that the defendant was driving under the influence of *intoxicating liquor alone*, UCrJI 2706 is not similarly constricted. Rather, UCrJI 2706 permits a finding that a defendant is under the influence of "intoxicants" where the defendant's physical condition makes the defendant more susceptible to the influence of "intoxicants," which includes either or both intoxicating liquor and controlled substances. However, ORS 813.020(2) requires that, if the state is proceeding under a theory of controlled substances, then it must plead that theory in the accusatory instrument. Accordingly, where the state opts to proceed on an intoxicating liquor-only theory and does not plead controlled substances, the court's instructions to the jury must be similarly narrow.

had cautioned him about drinking to excess while taking the medication, and the officer testified that, based on his observations, he believed that the defendant was under the influence of a combination of alcohol and the anti-schizophrenic medication. *Id.* Thus, the evidence supported a finding that the defendant was under the influence of the four pints of beer with the medication tipping the scales, or that the defendant was under the influence of intoxicating liquor and a controlled substance from the combination of the beer and the medication. It was impossible to tell from the instruction or the evidence on which basis the jury in fact determined the defendant's guilt, and that lack of specificity did not violate the then-existing requirements of ORS 813.010.

*Stiles* again provides relevant precedent to resolve the matter. In *Stiles*, after examining the legislative history and intent of the 1991 amendment, we interpreted the phrase, "under the influence of a controlled substance," in subsection (2) as "necessarily encompass[ing] all cases in which the state contends that the defendant's use of a controlled substance materially contributed to culpable impairment." 165 Or App at 594. We concluded that any time the state seeks to introduce evidence of controlled substances that establishes that those controlled substances materially contributed to a defendant's impairment—*i.e.*, under the influence of controlled substances only or under the influence of alcohol and controlled substances combined—the state must first meet the pleading requirement of subsection (2). *Id.*

The corollary to that conclusion is that, when the accusatory instrument does not satisfy the subsection (2) pleading requirements, the state may not present evidence that the defendant's ingestion of controlled substances rendered him or her more susceptible to the alcohol and, thus, materially contributed to the defendant's impairment. Stated another way, in an alcohol-only case, it is improper to instruct the jury under *Miles* that the taking of controlled substances is a "physical condition" that materially increased a defendant's susceptibility to the alcohol. Permitting the state to couch the material contribution or the intoxicating effects of controlled substances as a "physical condition" for *Miles* purposes would violate the express terms of ORS

813.010(2), render that provision meaningless in a large number of DUII prosecutions and thereby contravene the intent for its adoption.

We thus conclude, that on remand, the state may not present evidence that defendant's ingestion of controlled substances materially increased his susceptibility to alcohol. In so holding, we emphasize that we do not question *Miles'* continuing validity where the underlying "physical condition" was not the product of the ingestion of a controlled substance and, obviously, the state may pursue a *Miles* theory based on the defendant's ingestion of a controlled substance so long as the accusatory instrument conforms to ORS 813.010(2). The original citation here simply failed to do so.

■ Finally, we consider defendant's argument that the trial court erred in denying his motion for judgment of acquittal. While we agree with defendant that the state's evidence concerning his use of controlled substances should not have been admitted because the state failed to satisfy the pleading requirement of ORS 813.010(2), we do not agree that the state's evidence of alcohol intoxication was insufficient, as a matter of law, to support a conviction for driving under the influence of alcohol. As noted above, two of the three officers who came into contact with defendant on the night in question testified that defendant smelled of alcohol. Their testimony, combined with the other evidence of defendant's intoxication, such as his performance on the field sobriety tests, was sufficient to create a jury question.

Reversed and remanded for new trial.