Argued and submitted August 29, 2001, reversed and remanded for new trial
May 29, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## DALE ROLLER,
*Appellant.*

Z593927; A107271

47 P3d 52

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Collins, Judge pro tempore.

LANDAU, P. J.

### LANDAU, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants. ORS 813.010 (1997). He argues that the trial court erred in delivering an instruction informing the jury that, even if defendant's blood alcohol content was less than .08 percent, it could find that he was under the influence of intoxicants if he was in a physical condition that made him more susceptible to the influence of intoxicants than he otherwise would have been. We agree with defendant that the trial court erred in delivering that instruction and therefore reverse and remand for a new trial.

The relevant facts are not in dispute. A police officer observed defendant driving a van with its headlights off at 11:30 p.m. and signaled for defendant to pull over. When the officer approached defendant, he noticed that defendant's eyes were bloodshot and that there was an odor of alcohol coming from the van. When questioned, defendant replied that he had had two beers. Defendant agreed to take field sobriety tests. A second officer administered the tests, including a horizontal gaze nystagmus (HGN) test, which defendant failed. The officers arrested defendant and transported him to the police station. At the station, defendant reported that he had the flu and other physical problems. He agreed to take a breath test, which showed that his blood alcohol content was .07 percent.

At trial, defendant contended that the symptoms that the arresting officers observed were a result of the flu, not alcohol consumption. According to defendant, his flu symptoms included body aches, red and watery eyes, a cough, and a fever. A coworker confirmed that defendant had been sick at work that day with the flu. Defendant also offered the testimony of an expert, Dr. Grimsbo, who testified that the flu can cause a nystagmus when the ears become stopped up, because "at that point we have a balance problem which is manifested in jerkiness of the eyeball." On cross-examination, the state asked Grimsbo whether there is "some sort of a combination [e]ffect" when a person suffering from the flu also ingests alcohol, and Grimsbo replied that "there are no studies as far as I know that really equate adding alcohol to a natural nystagmus."

The state proposed that the trial court give Uniform Criminal Jury Instruction 2706, which is based on *State v. Miles*, 8 Or App 189, 196-97, 492 P2d 497 (1972), and provides:

"If you find from the evidence that [defendant] was in such a physical condition that [he] was more susceptible to the influence of intoxicants than [he] otherwise would be, and as a result of being in that physical condition [defendant] became under the influence by a lesser quantity of intoxicants than it would otherwise take, [defendant] is nevertheless under the influence of intoxicants."

UCrJI 2706. Defendant objected to the instruction on the ground that there was no evidence that he was in a physical condition that rendered him more susceptible to the influence of intoxicants. The trial court noted the objection and delivered the instruction.

On appeal, defendant again argues that there was no evidence to support the delivery of the "*Miles* instruction." According to defendant, under *State v. Huck*, 100 Or App 193, 785 P2d 785 (1990), to justify delivery of a *Miles* instruction, there must be evidence that he suffered a physical condition that made him more susceptible to the effects of alcohol. The state argues that, under *State v. Anderson*, 117 Or App 495, 844 P2d 923 (1992), the delivery of a *Miles* instruction is permissible as long as there is some evidence to support it. In this case, the state argues, the testimony that defendant suffered from the flu and that the flu itself can cause nystagmus is sufficient to permit an inference that suffering from the flu would have made defendant more susceptible to the effects of alcohol.

In *Huck*, the defendant had consumed alcohol and also had ingested some Vicodin. The trial court delivered a *Miles* instruction, and, after conviction, the defendant appealed, assigning error to the delivery of the instruction. The defendant argued that there was no evidence that Vicodin made him more susceptible to the effects of alcohol. The state agreed that there was no evidence of that but nevertheless asserted that the instruction was permissible because the jury, "based on its common sense and experience," could have inferred that the consumption of Vicodin

could increase a person's susceptibility to the effects of alcohol. We reversed, explaining:

> "We hold that there must be evidence that Vicodin made defendant more susceptible to the effects of alcohol than he otherwise would have been to support the giving of the *Miles* instruction. In the absence of such evidence, the instruction could have confused the jury by suggesting that Vicodin made defendant more susceptible to alcohol and that there was evidence to that effect when, in fact, there was no evidence of that sort. We conclude that the instruction was likely to mislead the jury to defendant's prejudice and, therefore, it should not have been given."

*Huck,* 100 Or App at 197.

In *Anderson,* the defendant had consumed some alcohol and also had taken "anti-schizophrenic medication," including serentil and lithium. The trial court delivered a *Miles* instruction over the defendant's objection. We upheld the delivery of the instruction, noting that there was at least some evidence that taking the medications made the defendant more susceptible to the effects of alcohol. We noted that, among other things, the record showed that the defendant's personal physician had warned him about the effects of the medications when combined with alcohol. *Anderson,* 117 Or App at 498.

This case is more like *Huck* than *Anderson.* There is a complete lack of evidence that suffering from the flu made defendant more susceptible to the effects of alcohol. Grimsbo, in fact, was specifically questioned about that, and he testified that he was not aware of any research concerning the cumulative effects of flu and alcohol consumption. No other witness testified about the effects of flu on susceptibility to alcohol intoxication.

The state insists that, because there is evidence that both flu and alcohol consumption can cause nystagmus, "the jury could reasonably rely on its common knowledge and experience" in drawing the inference that suffering from the flu would have rendered defendant more susceptible to the intoxicating effects of alcohol. That, however, is precisely the argument that we rejected in *Huck.*

We conclude that the trial court erred in delivering a *Miles* instruction.

Reversed and remanded for new trial.