Argued and submitted November 28, 2001, reversed and remanded for new trial
June 12, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES DALE CURTIS,
*Appellant.*

CR98-0486-16; A106595

47 P3d 929

David E. Groom, Public Defender, argued the cause for appellant. With him on the brief was Cara Johns Smith, Certified Law Clerk.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael J. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants. ORS 813.010. His principal assignment of error is that the trial court should not have given an instruction permitting the jury to find that he was under the influence of intoxicants, even though he had ingested a relatively small quantity of alcohol, because he was more susceptible to the intoxicating effects of alcohol due to his physical condition. We agree that the court erred in giving that instruction and reverse and remand for a new trial.

The relevant facts are undisputed. A police officer observed defendant attempting to ride a bicycle while holding a 40-ounce can of beer in one hand. The officer questioned defendant, who responded that he had had two beers. The officer administered field sobriety tests. Defendant had trouble maintaining his balance during testing. The officer arrested him for driving under the influence of intoxicants.

At trial, defendant testified that he performed poorly on the field sobriety tests because he had just had a "strenuous day" and was "exhausted." He testified that he was the sole worker at a second-hand store and that he had been working there every day from opening to closing.

The state asked the court to give a *"Miles* instruction,"* based on *State v. Miles,* 8 Or App 189, 196-97, 492 P2d 497, *rev den* (1972), and which provides:

> "If you find from the evidence that [defendant] was in such a physical condition that [he] was more susceptible to the influence of intoxicants than [he] would otherwise be, and as a result of being in that physical condition [defendant] became under the influence by a lesser quantity of intoxicants than it would otherwise take, [defendant] is nevertheless under the influence of intoxicants."

UCrJI 2706. Defendant objected that there was insufficient evidence that he had a "physical condition" that rendered him more susceptible to the influence of intoxicants. The trial court noted the objection and gave the instruction.

On appeal, defendant argues that the trial court erred in giving the *Miles* instruction because there was no

evidence that he had a physical condition that made him more susceptible to the effects of alcohol. The state argues that the evidence is undisputed that defendant was fatigued at the time of his arrest and that "it is within common lay knowledge" that one of the effects of fatigue is to make one sleepy. It is likewise within common lay knowledge, the state argues, that alcohol ingestion tends to make one sleepy. Thus, the state concludes, it would have been reasonable for the jury to infer from the fact of his fatigue that he was more susceptible to the intoxicating effects of alcohol.

In *State v. Huck*, 100 Or App 193, 785 P2d 785 (1990), the defendant had consumed both alcohol and Vicodin. The trial court delivered a *Miles* instruction over the defendant's objection. On appeal, the defendant argued that there was no evidence in the record that taking Vicodin made him any more susceptible to the intoxicating effects of alcohol. The state argued that, because both alcohol and the medication have a sedative effect, the jury could have inferred "based on its common sense and experience" that the ingestion of the medication could have rendered the defendant more susceptible to the effects of alcohol. *Id.* at 197. We were not persuaded:

> "We hold that there must be evidence that Vicodin made defendant more susceptible to the effects of alcohol than he otherwise would have been to support the giving of the *Miles* instruction. In the absence of such evidence, the instruction could have confused the jury by suggesting that Vicodin made defendant more susceptible to alcohol and that there was evidence to that effect when, in fact, there was no evidence of that sort. We conclude that the instruction was likely to mislead the jury to defendant's prejudice and, therefore, it should not have been given."

*Id.*; *see also State v. Roller*, 181 Or App 542, 546, 47 P3d 52 (2002) (trial court erred in delivering *Miles* instruction when there was "complete lack of evidence" that suffering from the flu rendered the defendant more susceptible to the effects of alcohol); *State v. Anderson*, 117 Or App 495, 498, 844 P2d 923 (1992) (there must be "some evidence" that the defendant's physical condition made him more susceptible to effects of alcohol).

In this case there is likewise no evidence that defendant's physical condition made him more susceptible to the intoxicating effects of alcohol. The state does not argue to the contrary. It merely argues that no evidence is necessary, because the connection between fatigue and the effects of alcohol is "within common lay knowledge." That is precisely the argument that we rejected in *Huck*, which the state does not cite. We conclude that the trial court erred in delivering the *Miles* instruction.

Because of our disposition of that assignment of error, we need not address defendant's other assignments.

Reversed and remanded for new trial.