Argued and submitted March 30, reversed and remanded for new trial
April 28, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## LORIKKO IZELL BURKETT GIBBS,
aka Lorikko Isael Gibbs,
*Appellant.*

010545693; A118270

89 P3d 1215

Jamesa J. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

David John Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Landau and Schuman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for Driving Under the Influence of Intoxicants, ORS 813.010(1). His defense at trial was that he had previously suffered a severe head trauma and that the apparent symptoms of intoxication that the officer observed were in fact the result of that injury. Over his objection, the trial court gave Uniform Criminal Jury Instruction 2076, which informs the jury that a defendant whose physical condition makes the defendant more susceptible to the influence of alcohol than the defendant would otherwise be is nevertheless under the influence of intoxicants. *See State v. Miles*, 8 Or App 189, 492 P2d 497, *rev den* (1972).

We have held that there must be evidence that the defendant's condition made him more susceptible to the influence of alcohol before a trial court may give a *Miles* instruction. *State v. Huck*, 100 Or App 193, 197, 785 P2d 785 (1990). There is no such evidence in this case. Giving a *Miles* instruction in the absence of that evidence is reversible error. *See State v. Curtis*, 182 Or App 166, 169, 47 P3d 929, *rev den*, 335 Or 104 (2002). The state concedes that the trial court erred, and we agree.

Reversed and remanded for a new trial.