Argued and submitted September 20, affirmed December 15, 2010, petition for review denied February 17, 2011 (349 Or 654)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HEATH GARY HARMON,
*Defendant-Appellant.*

Marion County Circuit Court
08C48889; A142034

244 P3d 910

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jamie K. Contreras, Assistant Attorney General.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

EDMONDS, S. J.

**EDMONDS, S. J.**

Defendant appeals a conviction for driving while under the influence of intoxicants (DUII). ORS 813.010. On appeal, he assigns error to the denial of his motion for a judgment of acquittal and to the trial court's refusal to give a "less satisfactory evidence" jury instruction. We affirm the trial court's ruling with regard to the "less satisfactory evidence" jury instruction without further discussion. As to the claim of error regarding the denial of defendant's motion for judgment of acquittal, we affirm for the reasons discussed below.

Defendant was charged with unlawfully driving a vehicle on premises open to the public while under the influence of a combination of alcohol and controlled substances. At trial, the state presented the following evidence. When a police officer contacted defendant with regard to a traffic violation at approximately 12:28 a.m., the officer observed that defendant had a slight odor of alcohol on his breath. The officer asked defendant if he had had anything to drink, and defendant responded that "he had a beer an hour." According to the officer, defendant appeared to be in a "dazed" state. Based on her observations, the officer asked defendant to perform a series of sobriety tests. After defendant attempted to perform the tests, the officer concluded that there were six discrete indicators that defendant was impaired. The officer testified that "two or more indicators indicate more likely than not the person is impaired to drive." The officer told defendant that based on the indicators she had observed, she believed that he had more to drink than a beer an hour. Defendant admitted consuming "several shots of Jack Daniels in addition to the beer an hour." The officer placed defendant under arrest for DUII. While searching him before placing him in her patrol car, the officer discovered a marijuana pipe on defendant's person. Defendant admitted that the pipe belonged to him and that he "had smoked some marijuana earlier in the evening around 8:00 that night."

At the end of the state's case-in-chief, defendant moved for a judgment of acquittal on the ground that there was no evidence that defendant was under the influence of a combination of alcohol and a controlled substance. Defendant's counsel explained to the trial court:

"So what we're left with is really a proof issue of whether the State has presented evidence sufficient for this case to go to a jury that the defendant was not just under the influence of alcohol, but was under the influence of the combination of alcohol and marijuana. And simply without any drug recognition expert [evidence] and without any evidence to the contrary, there simply is not enough evidence for this case to even suffice to get past the motion for judgment of acquittal, and for that reason[,] we'd be requesting the Court grant that motion at this time."

At the close of all of the evidence in the trial, defendant's counsel reiterated:

"There simply has been no evidence presented that [defendant] was under the influence of a combination of alcohol and marijuana. The only evidence was that through [the arresting officer] that he had ingested marijuana, no quantification, no DRE, no testing for someone being under the influence of marijuana. Quite frankly, I've never seen a case prosecuted without a DRE on a controlled substances case * * *."[1]

The trial court denied both motions for a judgment of acquittal, and defendant was convicted as charged.

On appeal, defendant again argues that there was no evidence produced by the state that defendant was under the influence of the combination of marijuana and alcohol. He argues:

"No rational trier of fact could determine defendant's guilt beyond 'reasonable doubt' because the state presented no evidence of how marijuana effects a human body, no evidence of whether marijuana combines with alcohol to effect the body, no DRE, and no toxicology report to quantify how much marijuana was in defendant's body at the time that he was driving."

He asserts:

"Even if this court concludes that there was 'some' evidence based on defendant's admission to ingesting alcohol

---

[1] Counsel's reference to a "DRE" expert refers to expert testimony by a person trained to identify behavioral and physical characteristics in the human body caused by the consumption of controlled substances.

and 'some marijuana' over four hours earlier, still, that evidence is 'insufficient ' to prove *beyond a reasonable doubt,* that at the time defendant was driving[,] his physical and mental faculties were adversely effected to a noticeable and perceptible degree by the combination of alcohol and marijuana."

(Emphasis in original.) The state counters that "[t]he evidence of [defendant's] impairment, coupled with defendant's admission to consuming both alcohol and a controlled substance, was sufficient to put the case before the jury."

At oral argument, the state argued that the outcome of this case is controlled by our reasoning in *State v. Huck,* 100 Or App 193, 785 P2d 785 (1990). Defendant contended, on the other hand, that *Huck* is distinguishable. We agree with defendant's argument regarding *Huck.* In *Huck,* the defendant admitted that he had consumed both alcohol and Vicodin, a controlled substance. *Id.* at 196. There was also evidence that the defendant's mental and physical abilities were noticeably impaired. *Id.* After being convicted in the trial court for driving under the combined influence of a controlled substance and intoxicating liquor, the defendant appealed, arguing that the court had erred in denying his motion for a judgment of acquittal. *Id.* at 195. He asserted that, because the state did not present evidence at trial that Vicodin acted as an intoxicant on the human body, the state's evidence was insufficient to prove its allegations and that it was legally impermissible for the jury to convict merely because Vicodin was classified as a controlled substance. *Id.* We reasoned that the statute under which the defendant was convicted did not require the state to present evidence that a controlled substance is capable of impairing a person's mental and physical abilities. *Id.* at 196. Rather, whether the controlled substance by itself or in combination with intoxicating liquor did in fact impair the ability of the defendant to operate a motor vehicle was a question for the jury. *Id.* Accordingly, we held that the evidence of the defendant's admissions and of the noticeable impairment of his physical and mental abilities permitted the jury to infer that he was under the influence of both substances, and, therefore, the trial court did not err in denying the defendant's motion. *Id.* at 197.

■        In light of *Huck*, the state argues that

> "[it] was not required to present evidence that the mari-
> juana that defendant admitted to smoking was capable of
> causing impairment. * * * Nor was it required to establish
> that the marijuana, or the alcohol, or some combination
> thereof, was *responsible for causing defendant's impair-
> ment.*"

(Emphasis added.) We disagree with the state's interpreta-
tion of *Huck* if the gist of the state's argument is that it was
not required to prove that defendant's impairment was
caused, in part, by the ingestion of marijuana. The argument
made in *Huck* was that the state was required as a matter of
law to present evidence that Vicodin acted as an intoxicant
on the human body. In that context, we held that the govern-
ing statute did not require the state to prove that a controlled
substance is capable of impairing a person's mental and
physical abilities as part of its burden of proof. Rather, the
questions for the jury to decide in *Huck* were whether the
defendant ingested a controlled substance and whether his
physical and mental abilities were impaired as a result at the
time in question. In other words, our holding in *Huck* did not
abrogate the requirement that the state prove that defen-
dant's consumption of marijuana and alcoholic beverages
resulted in his impairment.

■        We turn now to the issue of the legal sufficiency of
the evidence offered by the state to prove that defendant was
under the influence of a combination of alcohol and controlled
substance at the time that he was operating a motor vehicle.
The underlying premise of defendant's argument is that the
law requires additional evidence of causation beyond the evi-
dence of his admissions and impairment in order to convict
him of DUII. We disagree with defendant's assertion. Rather,
in *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989), the
court set out the governing standard of review to be applied
to such an issue:

> "In ruling on the sufficiency of the evidence in a criminal
> case, the relevant question is whether, after viewing the
> evidence in the light most favorable to the state, any
> rational trier of fact could have found the essential ele-
> ments of the crime beyond a reasonable doubt. *State v.
> Harris*, 288 Or 703, 721, 609 P2d 798 (1980). It is not proper

for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilty, such conflicts must be treated as if they had been decided in the state's favor. After the conflicts have been so decided, we take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury so to find. *State v. Krummacher*, 269 Or 125, 137-38, 523 P2d 1009 (1974)."

Defendant's admissions regarding consumption of alcoholic beverages together with his "dazed" state and his lack of performance of sobriety tests are all facts from which the jury could reasonably infer beyond a reasonable doubt that defendant was under the influence of alcohol at the time that he drove a vehicle in a public place. Similarly, the evidence that the odor of alcoholic beverages on defendant's breath was "slight" and of his claim that consumption of alcoholic beverages occurred over an extended period of time could permit a reasonable factfinder to infer that something in addition to the alcoholic beverages that he admitted drinking contributed to the extent of his impairment as observed by the officer. Those inferences particularly exist in light of defendant's admission that he had ingested an unknown quantity of marijuana within four and one-half hours of being contacted by the officer and of the evidence of his "dazed" mental state. As this court held in *Huck*, whether, in fact, alcohol and marijuana combined to impair defendant's abilities to the extent that he was under their influence is an issue for the jury once the facts in evidence permit the necessary inferences, which they do here.

Affirmed.