Submitted October 4, DUII conviction reversed and remanded; remanded for resentencing; otherwise affirmed November 27, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICKEY ALLEN RICH,
*Defendant-Appellant.*

Crook County Circuit Court
11FE0112; A151602

314 P3d 979

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010(5), after a jury trial.[1] At trial, the court gave Uniform Criminal Jury Instruction 2708 (the *Miles* instruction), which informs the jury that a defendant whose physical condition makes that defendant more susceptible to the influence of alcohol than he or she would otherwise be is nevertheless under the influence of intoxicants. *See State v. Miles*, 8 Or App 189, 492 P2d 497 (1972). Although defendant objected to the giving of the *Miles* instruction, the court reasoned that the instruction was justified because defendant informed law enforcement officers at the time of his arrest that he had taken pain medication for a bad knee. On appeal, defendant asserts that the trial court erred in giving the *Miles* instruction under the circumstances presented here.

We have held that "there must be evidence that the defendant's condition made him more susceptible to the influence of alcohol before the trial court may give a *Miles* instruction." *State v. Gibbs*, 193 Or App 296, 297, 89 P3d 1215 (2004) (citing *State v. Huck*, 100 Or App 193, 197, 785 P2d 785 (1990)). The state concedes that, here, "there was no evidence from which the jury could find that defendant's physical condition exacerbated the effects of alcohol" because evidence that defendant took pain medication for a bad knee was insufficient, without more, for the jury to make such an inference. Thus, the trial court should not have given the instruction and the case must be reversed and remanded for a new trial. *See State v. Curtis*, 182 Or App 166, 170, 47 P3d 929, *rev den*, 335 Or 104 (2002) (reversing and remanding for new trial where the trial court erroneously gave a *Miles* instruction). We agree, and accept the state's concession. Therefore, the DUII conviction must be reversed and remanded.

DUII conviction reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] Defendant was also convicted, based on a guilty verdict, of driving while suspended, ORS 811.182, and, based on a no-contest plea, of reckless driving, ORS 811.140. He does not challenge either of those convictions on appeal.