Submitted April 15; motion to dismiss denied, affirmed October 7, 2020

In the Matter of B. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. S.,
aka S. H., aka S. L. S.,
*Appellant.*

Linn County Circuit Court
19JU05708; A172747 (Control)

In the Matter of J. P. S., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. S.,
aka S. H., aka S. L. S.,
*Appellant.*

Linn County Circuit Court
19JU05709; A172748

In the Matter of R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. S.,
aka S. H., aka S. L. S.,
*Appellant.*

Linn County Circuit Court
19JU05710; A172749

475 P3d 925

Mother appeals from juvenile court judgments taking dependency jurisdiction over her three children. She argues that the juvenile court plainly erred in taking jurisdiction of her children based on an allegation admitted by a father of

one of the children and based on an additional allegation found by the court at the conclusion of the jurisdictional hearing. Mother also argues that the Department of Human Services did not prove the allegations asserted against mother or that the children were exposed to a current risk of harm. With respect to one of the children, DHS filed a motion to dismiss mother's appeal as moot. *Held*: Mother identified collateral consequences of the jurisdictional judgment that prevents her appeal from becoming moot. The juvenile court did not plainly err as asserted by mother and the record supports the juvenile court's findings and taking jurisdiction of all three children.

Motion to dismiss denied; affirmed.

Michael B. Wynhausen, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Motion to dismiss denied; affirmed.

**ORTEGA, P. J.**

In this consolidated appeal, mother challenges jurisdictional judgments in which the juvenile court took jurisdiction over each of mother's three children—B, J, and R. Since mother filed her appeal, the juvenile court terminated its jurisdiction and dismissed its wardship over B. As a result, the Department of Human Services (DHS) has filed a motion to dismiss the appeal of the jurisdictional judgment for B, arguing that it is moot. Because mother has identified sufficient collateral consequences, we conclude that the appeal as to B is not moot and deny DHS's motion to dismiss. On mother's appeal, we conclude that the juvenile court did not err in taking jurisdiction of B, J, and R, and, accordingly, we affirm.

We do not exercise *de novo* review in this case as it is not an exceptional case warranting such review. ORAP 5.40(8)(c). Thus, in reviewing the jurisdictional judgments, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

A recitation of the facts supporting jurisdiction would not benefit the bench, the bar, or the public. We thus set out only a few background facts for context and the procedural facts that are relevant to the legal points raised in mother's appeal.

At the time of the jurisdictional hearing, B was 12 years old, J was 6 years old, and R was 4 years old. J and R have the same father (JS). Mother and JS are married, but they were separated, and then living together again, in the months prior to the children's removal from their care by DHS. B has a different biological father (BD) and was placed with him after she was removed from mother's care. J and R were placed with their maternal grandmother. Neither of the children's fathers are parties to this appeal.

As to all three children, the dependency petitions alleged:

"A.   [M]other's substance abuse interferes with her ability to safely parent the child.

"B.   [M]other was subjected to domestic violence by [JS] and *** is unable to protect the child from exposure to [JS's] violence.

"C.   [M]other is unwilling or unable to protect the child from the risk posed by [JS], including but not limited to [JS's] substance abuse issues, anger control issues, or emotional, psychological or physical abuse of the child and/or the child's siblings."

With respect to B, the petition further alleged as allegation D that BD "does not have sole legal custody of the child and is unable to lawfully protect the child from the risk posed by mother and [JS]." BD admitted that allegation during the course of the two-day jurisdictional hearing and, before the court accepted that admission, his counsel confirmed with the court that there was a legal and factual basis for it. None of the parties at the hearing, including mother, objected to the court's accepting BD's admission and making a finding on the allegation.

With respect to J and R, the petitions alleged these further allegations:

"D.   [JS's] substance abuse interferes with his ability to safely parent the child.

"E.   [JS's] anger control issues interfere with his ability to safely parent the child.

"F.   [JS] has subjected the child and/or the child's sibling to physical, emotional or psychological abuse.

"G.   [JS] has exposed the child to domestic violence."

After the two-day hearing, the juvenile court took the matter under advisement, and the parties submitted written closing arguments. In his closing arguments, based on the evidence presented at the hearing, BD specifically requested that the court amend the petition for B, under ORS 419B.809(6), to include an allegation that mother "has subjected [B] to ongoing verbal, psychological, emotional, and physical abuse and this creates the condition and circumstances such as to endanger the welfare of [B]." With

respect to J and R, DHS in its written closing also argued that the court had authority to amend the petition under ORS 419B.809(6) and that the evidence adduced at the hearing supported an amendment and finding that mother had "subjected the children to verbal and/or physical abuse."

In issuing its ruling, the court made explicit credibility findings that B's testimony was not "particularly credible," because her out-of-court statements were completely inconsistent with her testimony and those out-of-court statements were consistent with other evidence, and because she has a strong interest in promoting mother's interests. The court also found that mother and JS were not credible, based on their inconsistent statements and biases. The court found that all the other witnesses in the case were credible, particularly the children's evaluator, Dr. Basham.

The court found that the children were within its jurisdiction, explaining why it found each allegation based on the evidence. With respect to B, the court found that DHS had proved allegations B, C, and D, set out above. With respect to J and R, the court found that DHS had proved allegations B, C, D, E, F, and G, set out above. The court dismissed allegation A from each of the petitions. The court also found the additional allegation that BD and DHS had requested:

> "I will, however, make a finding, though it was not alleged in the petition, that [mother] has subjected the children to emotional, psychological, and physical abuse, particularly the emotional and psychological abuse demonstrated by her interactions with her children, \*\*\*, which have been witnessed by members of the family."

None of the parties raised an objection to the court's authority to find that additional allegation. Finally, the court determined that the children had been actually harmed by mother's and JS's behavior and that if the court did not take jurisdiction the children would continue to be harmed.

The juvenile court then entered a jurisdictional judgment for each child based on its findings. With respect to the added allegation, each judgment provided that the allegation was an "amended allegation" that was "found

on 10/17/19 after receiving the evidence and pursuant to the direction of the court after contested hearing." Mother appeals from each of the three jurisdictional judgments.

After mother filed her appeal, the juvenile court terminated its jurisdiction and dismissed its wardship over B after BD gained sole legal custody of B. As a result, DHS filed a motion to dismiss the appeal of the jurisdictional judgment over B, arguing that the appeal is now moot because it will have no practical effect on the rights of the parties. We first address that motion and conclude that the appeal is not moot.

As the party moving for dismissal for mootness, DHS has the burden of proving that the jurisdictional judgment will have no practical effect on the rights of the parties. *Dept. of Human Services v. A. B.*, 362 Or 412, 426, 412 P3d 1169 (2018). To do so, DHS does not need to prove the nonexistence of collateral consequences; rather, the parent has to first "identify any continuing practical effects or collateral consequences that, in the parent's view, render the appeal justiciable." *Id.* DHS must then demonstrate that those effects or consequences are either legally insufficient or factually incorrect to persuade us that dismissal of the appeal is warranted. *Id.* at 426-27.

Here, mother has identified collateral consequences of the jurisdictional judgment of B that prevent her appeal from becoming moot. Prior to the entry of the jurisdictional judgment, mother had sole legal custody of B, which the domestic relations court declined to modify on father's motion in 2017. After entry of the dependency judgment in October 2019, father moved for sole legal custody of B and a change in parenting plan on the grounds that mother and JS had subjected B to domestic violence and abuse. The domestic relations court granted the change in custody and parenting time, expressly citing the DHS cases involving B, J, and R. Mother states that she wishes to regain custody of B and argues that the existence of the dependency judgment will prejudice her efforts to do so. DHS argues that that collateral effect is merely speculative because mother has not demonstrated that she has or will take steps to regain custody of B.

We disagree with DHS's position. The jurisdictional judgment as to B contains findings that mother abused B, which concretely affected her rights in the domestic relations court as to her custody and parenting time of B. We are not persuaded that the existence of that judgment will not continue to affect mother's rights in the future. We thus conclude that mother's appeal is not moot.

Turning to mother's appeal, in her first assignment of error, mother argues that the juvenile court erred in taking jurisdiction over B based on the allegation that BD "does not have sole legal custody of [B] and is unable to lawfully protect [B] from the risk posed by mother and [JS]." Mother argues that it is well-settled that a "fit parent's lack of a custody order does not, without more, give rise to dependency jurisdiction over the child." Mother further argues that DHS presented no evidence that BD was unable to protect B from the risk posed by mother and JS without a sole custody order. Mother acknowledges that she did not preserve her claimed error but argues that we should correct it as plain error under ORAP 5.45(1).

To qualify as plain error that we will review under ORAP 5.45(1), "the error must (1) be a legal error; (2) be apparent, meaning that the legal point is obvious and not reasonably in dispute; and (3) appear on the face of the record such that we 'need not go outside the record or choose between competing inferences to find it.'" *Dept. of Human Services v. A. W.*, 274 Or App 493, 500, 361 P3d 58 (2015) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)). Even if error is plain, we must decide whether to exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (setting out some factors that guide our exercise of discretion).

Here, the error asserted by mother does not qualify for plain error review. First, the legal point is not obvious and is reasonably in dispute, because the allegation on its face is sufficient to support jurisdiction over B. Based on BD's admission and representation that there was a factual and legal basis for it, the juvenile court found that BD "does not have sole legal custody of [B] and is unable to lawfully protect [B] from the risk posed by mother and [JS]." We have

held that an allegation that a fit parent lacks sole custody of a child is not in itself a sufficient basis on which to take jurisdiction of a child. *See, e.g.*, *Dept. of Human Services v. R. L. F.*, 260 Or App 166, 172, 316 P3d 424 (2013) ("[L]ack of a custody order alone is an insufficient basis for jurisdiction."). The allegation here, however, included that BD cannot protect B from mother and JS. That inability to protect can provide a sufficient basis for jurisdiction. *Dept. of Human Services v. D. A. S.*, 261 Or App 538, 548, 323 P3d 484 (2014) ("Stated another way, without evidence that one parent is unable to protect the child from the other parent, or that the child will suffer some risk of actual harm because one parent lacks sole legal custody, lack of a custody order alone is an insufficient basis for jurisdiction."). Second, it is not apparent on the face of the record that the court could not make that finding of inability to protect, particularly in light of its credibility findings. Thus, we conclude that the court did not plainly err.

In her assignments of error two through four, mother argues that, with respect to all three children, the court erred in finding the children within its jurisdiction based on the allegation that mother had subjected the children to emotional, psychological, and physical abuse. Mother argues that, although a court may direct DHS to amend a dependency petition, ORS 419B.809(6), a court cannot decide that the children are within its jurisdiction based on conditions that are not alleged. Mother acknowledges that she did not preserve her claimed error but argues that we should correct it as plain error under ORAP 5.45(1).

A dependency petition is required to "[c]ontain the facts that bring the child within the jurisdiction of the court, including sufficient information to put the parties on notice of the issues in the proceeding." ORS 419B.809(4)(b). Under ORS 419B.809(6), "[t]he court, * * * on its own motion, may at any time direct that the petition be amended. If the amendment results in a substantial departure from the facts originally alleged, the court shall grant such continuance as the interests of justice may require."

Here, mother argues that ORS 419B.809(6) requires a court to direct *DHS* to amend the petition and then grant

a continuance. The legal point argued by mother, however, is not "obvious" such that it qualifies for correction on plain error review. Neither the text of the statute, nor our case law, plainly require that an amendment to a petition under ORS 419B.809(6) can only be made by DHS at the court's direction. Here, at the conclusion of the hearing, the court expressly made the additional finding after BD and DHS requested in writing that the court amend the petition to make that finding. Also, in the jurisdictional judgment, the court listed that finding as an "amended allegation" to the petition that was "found on 10/17/19 after receiving the evidence and *pursuant to the direction of the court* after contested hearing." (Emphasis added.) The court did not commit plain error, because it is not obvious and beyond reasonable dispute that the court could not amend the petition, under ORS 419B.809(6), using the procedure that it did.

In addition, ORS 419B.809(6) does not necessarily require a continuance after an amendment; it only does so if "the amendment results in a substantial departure from the facts originally alleged," and, only then, "as the interests of justice may require." Here, where the amended allegation was based on the same evidence presented to prove the other jurisdictional allegations, it is not apparent that the juvenile court was required to *sua sponte* grant a continuance before finding that DHS had proved the amended allegation. Thus, the juvenile court did not plainly err.

In her remaining assignments of error, mother summarily argues that (1) the record was insufficient to find that she was subject to domestic violence by JS and was unable to protect the children from the risks posed by JS and that (2) DHS did not prove that the children were exposed to a current, nonspeculative risk of serious loss or injury. We readily conclude that the record supports the juvenile court's findings and disposition, and we reject mother's remaining assignments of error without further discussion.

Motion to dismiss denied; affirmed.