Submitted April 26, affirmed June 2, 2022

In the Matter of M. H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*
M. H.,
*Respondent,*
*v.*
M. H.
and T. H.,
*Appellants.*

Douglas County Circuit Court
21JU01585; A177143

512 P3d 1277

Parents appeal from juvenile court judgments taking dependency jurisdiction over their child, M. Father argues that the juvenile court plainly erred in finding M to be within its jurisdiction based on a condition that was not alleged in the petition. Mother argues that the juvenile court erred in finding that M was within its jurisdiction because the Department of Human Services did not prove that the family "needs the assistance of a child caring agency" to obtain care for M. *Held*: The juvenile court did not plainly err because it amended the petition to conform to its findings and the record supported the juvenile court's findings and taking jurisdiction of M.

Affirmed.

Ann Marie Simmons, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant M. H.

Kristen G. Williams filed the brief for appellant T. H.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for respondent M. H.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Parents appeal from juvenile court judgments in which the juvenile court took jurisdiction over their eight-year-old child, M. We affirm.

Neither party has requested *de novo* review, and this is not the type of "exceptional" case that warrants *de novo* review. *See* ORAP 5.40(8)(c) (the court will exercise discretion to try the cause anew on the record only in exceptional cases). We therefore are bound by the juvenile court's findings so long as there is any evidence in the record to support them. *Dept. of Human Services v. J. F. D.*, 255 Or App 742, 744, 298 P3d 653 (2013). We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. S. R. H.*, 278 Or App 427, 431, 381 P3d 1059, *rev den*, 360 Or 422 (2016) (quoting *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444, *adh'd to on recons*, 255 Or App 51, 296 P3d 606 (2013) (brackets omitted)).

Given our disposition, the relevant facts are primarily procedural. DHS filed a dependency petition, alleging, in part, that M was within the jurisdiction of the juvenile court because M suffered "emotional harm in mother's case [sic] and needs the assistance of a child caring agency to adequately address the harm" and M suffered from mental health disorders and behavioral problems because of "the functioning of her family system and the family needs [] assistance of a child caring agency to address them." Father stipulated to that latter allegation. Mother contested both allegations, arguing that there was insufficient evidence to support either jurisdictional basis.

At the conclusion of the jurisdictional hearing, at the request of M's counsel, the juvenile court found that M was within its dependency jurisdiction because she "suffered emotional trauma in her *parents'* care," rather than "in her *mother's* care" as originally alleged. (Emphasis added.) The juvenile court accordingly informed the parties that it would make some "slight changes *** to include both parents"

and that it would "go back and make sure [to] fill that in as amended correctly." The juvenile court then issued a jurisdictional judgment reflecting that that allegation had been amended and proven as to both parents: "The child has suffered emotional trauma in her *parents'* care and needs the assistance of a child caring agency to adequately address the harm." (Emphasis added.)

Father did not object when the juvenile court did so. Now, on appeal, he asserts that the juvenile court committed plain error in finding M to be within its jurisdiction based on a condition that was not alleged in the petition. Father acknowledges that ORS 419B.809(6) allows a juvenile court to direct that a petition be amended. Father further acknowledges that we recently concluded that that statute does not preclude a juvenile court from amending the petition, as opposed to directing DHS to do so. *See Dept. of Human Services v. S. S.*, 307 Or App 37, 45, 475 P3d 925 (2020), *rev den*, 368 Or 347 (2021). But father nonetheless contends that "the operative petition was never amended to include the challenged jurisdictional basis."

Yet the record reveals that is not the case or, at a minimum, it is not obvious and beyond reasonable dispute that the petition was not amended. *Dept. of Human Services v. C. C.*, 310 Or App 389, 400, 486 P3d 51 (2021) (for error to be plain, it must be obvious and not reasonably in dispute). As noted above, the juvenile court told the parties that it was amending the petition to include both mother and father in the allegation. Consistent with that statement, the juvenile court then issued a judgment that explicitly affirmed that that allegation had been amended and proven as to both parents. Thus, on the record before us, we cannot conclude that the juvenile court committed plain error. *S. S.*, 307 Or App at 45 (declining to review as plain error a juvenile court judgment where the juvenile court amended the petition by announcing an additional finding on the record and including that finding in the judgment).

For her part, mother argues that the juvenile court erred in finding that M was within its jurisdiction as to the allegations against mother. The record amply supports the juvenile court's findings and ultimate conclusion that M

was within its dependency jurisdiction. We therefore affirm without further discussion.

Affirmed.