No. 85 February 14, 2024 629

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSICA NICHOLE CARTER,
*Defendant-Appellant.*

Lane County Circuit Court
19CR28434; A176781

Charles D. Carlson, Judge.

Argued June 5, 2023.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Philip Michael Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

## SHORR, P. J.

Defendant appeals from a judgment of conviction for one count of driving under the influence of intoxicants (DUII), ORS 813.010, and one count of reckless driving, ORS 811.140. Defendant argues that the trial court plainly erred by providing a "*Miles* instruction" (UCrJI 2708) to the jury.[1] For the following reasons, we conclude that the trial court did not plainly err, and, therefore, affirm.

Only a brief recitation of facts is required to provide context for our decision. Defendant's car struck a pole while defendant was driving home after being dismissed from work for being "too tired." Defendant explained to the police officer who had responded to the crash that she had swerved to avoid a rabbit. Defendant also admitted to taking a number of prescription medications that day and to using marijuana the previous evening. After conducting field sobriety tests, police arrested defendant for driving under the influence. At the jail, a breathalyzer test showed that defendant had no blood alcohol content. But a police drug-recognition expert conducted an examination and opined that defendant was "highly impaired" by a central-nervous system depressant and a narcotic analgesic. Defendant insisted that she was simply sick and tired. A urine sample obtained from defendant tested positive for methadone, alprazolam (Xanax), desvenlafaxine (Pristiq) and its metabolites, and the metabolites for clonazepam and marijuana. The state proceeded to charge defendant with DUII and reckless driving. At trial, the state requested a *Miles* instruction. Defendant did not object to that instruction, and the trial court ultimately read that instruction to the jury. The jury returned a guilty verdict for both DUII (Count 1) and reckless driving (Count 2).

---

[1] In *State v. Miles*, 8 Or App 189, 492 P2d 497 (1972), we affirmed the court's use of what is now Uniform Criminal Jury Instruction 2708. The *Miles* instruction provides as follows:

"If you find from the evidence that [defendant] was in such a physical condition that they were more susceptible to the influence of intoxicants than they would otherwise be, and as a result of being in that physical condition, [defendant] became under the influence by a lesser quantity of intoxicants than it would otherwise take, [defendant] is nevertheless under the influence of intoxicants."

UCrJI 2708.

On appeal, defendant's sole assignment of error is that the trial court plainly erred in giving the *Miles* instruction.

A court has plainly erred if the asserted error (1) is one of law; (2) is apparent such that the error is obvious and not reasonably in dispute; and (3) appears on the face of the record. *State v. Serrano*, 355 Or 172, 179, 324 P3d 1274 (2014). Here, the asserted error satisfies the first prong, as we review jury instructions given by the court for errors of law. *Id.* at 187. But the asserted error fails at the second prong because the error is not obvious or apparent.

"A trial court errs if it gives a jury instruction that is at odds with a general rule of Oregon law or inconsistent with a specific application of that rule in prior Oregon case law." *Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 347-48, 353 P3d 563 (2015) (internal quotation marks omitted). First, defendant argues that she consumed no alcohol, and the *Miles* instruction is only appropriate in cases of intoxication by alcohol consumption. Second, she argues that under *State v. Avila*, 318 Or App 284, 507 P3d 704 (2022), the "physical condition" referenced in the *Miles* instruction does not include "non-drug related physical conditions," such as defendant's purported physical conditions here: illness and fatigue. Neither of those arguments are persuasive on plain error review because neither of those arguments identify a rule of Oregon law that the trial court apparently or obviously violated.

Citing no authority, defendant first argues that a *Miles* instruction is only appropriate in DUII cases where the defendant was intoxicated by alcohol. To the contrary, we have noted that the term "intoxicants" in the *Miles* instruction refers to "either or both intoxicating liquor and controlled substances." *State v. Waldrup*, 327 Or App 387, 393, 536 P3d 20 (2023) (citing *Avila*, 318 Or App at 296 n 4). Also, even if defendant were correct that "[t]his court has never held that a *Miles* instruction is appropriate *** when the alleged DUII does not involve alcohol," defendant must still identify "a general rule of Oregon law" or "specific application" of a rule with which the *Miles* instruction is obviously "at odds" if she is to prevail. *Montara Owners Assn.*, 357 Or at 347-348. Defendant has failed to identify that general rule of Oregon

law or specific application of a rule that is obviously at odds with the *Miles* instruction. *See State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (concluding that the trial court did not plainly err when "[n]o Oregon appellate court has considered the issue, let alone held that defendant's position is correct"); *but see Dept. of Human Services v. S. S.*, 307 Or App 37, 45, 475 P3d 925 (2020), *rev den*, 368 Or 347 (2021) (suggesting that the text of a statute could be "plain" so as to make a legal point "obvious").

Defendant also argues that under *Avila* the term "physical condition" referenced in the *Miles* instruction cannot include "non-drug related physical conditions," such as defendant's purported physical conditions here: illness and fatigue. Defendant is correct insofar that we noted in *Avila* that "we have grave doubts that a *Miles* instruction would ever be appropriate when the 'physical condition' is something other than a temporary condition caused by the ingestion of a drug." *Avila*, 318 Or App at 301. But those "doubts" amounted to *dicta*, because the dispositive holding in that case was that the state presented insufficient evidence to show that suffering from a permanent physical condition—muscular dystrophy—made the defendant more susceptible to the effects of alcohol. *Avila*, 318 Or App at 303. Indeed, defendant concedes that the holding in *Avila* "did not rely on the nature of the physical condition." Defendant also relies on and cites to cases where we have concluded that the *Miles* instruction was erroneous when the physical condition at issue was illness or fatigue, *State v. Roller*, 181 Or App 542, 47 P3d 52 (2002), and *State v. Curtis*, 182 Or App 166, 47 P3d 929, *rev den*, 335 Or 104 (2002). But those cases were decided on grounds similar to those in *Avila*: "there was a lack of evidence that suffering from the flu or being fatigued made a person more susceptible to the effects of alcohol." *Avila*, 318 Or App at 298. In sum, although we expressed "grave doubts" in *Avila* that a non-drug-related physical condition could qualify as a "physical condition" for the purposes of a *Miles* instruction, those doubts were merely *dicta* and cannot stand alone as the underlying basis for an "obvious" or "apparent" error of law. Accordingly, we cannot conclude that the trial court plainly erred.

Affirmed.