624 March 27, 2024 No. 192

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ALLEN BROWN,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR58025; A179104

Jeffrey S. Jones, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant was convicted of multiple offenses, including one count of driving under the influence of intoxicants, ORS 813.010(4), and one count of recklessly endangering another person, ORS 163.195. On appeal, he seeks reversal as to those two counts on the ground that the trial court erred in giving what is known as the "*Miles* instruction." *See* UCrJI 2708; *State v. Miles*, 8 Or App 189, 196-97, 492 P2d 497 (1972) (the genesis of the instruction in Oregon). That instruction provides:

> "If you find from the evidence that [defendant] was in such a physical condition that [he] w[as] more susceptible to the influence of intoxicants than [he] would otherwise be, and as a result of being in that physical condition, [defendant] became under the influence by a lesser quantity of intoxicants than it would otherwise take, [defendant] is nevertheless under the influence of intoxicants."

Relying on our decision in *State v. Avila*, 318 Or App 284, 507 P3d 704 (2022), defendant argues that the instruction was improper for two reasons: (1) the *Miles* instruction is limited to cases in which alcohol is involved, and there was no evidence that defendant was under the influence of alcohol as opposed to methamphetamine or cocaine; and (2) defendant's purported susceptibility to the influence of intoxicants was due to fatigue, which is not the type of "physical condition" to which the instruction applies.

The state responds that defendant did not object to giving the instruction until after the jury had left to deliberate and, in fact, invited any error by acquiescing to giving the instruction. Having reviewed the trial transcript, we conclude that, at the very least, defendant's arguments on appeal are not preserved. Defendant had an opportunity to address the instruction before it was given, but he did not object until after the court instructed the jury and the prosecutor gave a closing argument that referred to it as an "important jury instruction"; and even then, when defendant later did object to the instruction, he simply pointed the trial court to *Avila*, without any additional argument. Under those circumstances, defendant's belated objection did not serve the purposes of preservation. *See Peeples v.*

*Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (explaining that the preservation requirement serves several purposes, including providing the trial court the chance to consider and rule on an issue, ensuring fairness to the opposing party by giving that party an opportunity to respond, and fostering full development of the record).

Thus, in order to prevail on his claim, defendant must demonstrate that the trial court plainly erred in giving the *Miles* instruction. However, we recently rejected the same plain-error arguments in *State v. Carter*, 330 Or App 629, 631, ___ P3d ___ (2024). In that case, the defendant argued, first, "that she consumed no alcohol, and the *Miles* instruction is only appropriate in cases of intoxication by alcohol consumption"; and, second, "that under [*Avila*], the 'physical condition' referenced in the *Miles* instruction does not include 'non-drug related physical conditions,' such as [the] defendant's purported physical conditions ***: illness and fatigue." We concluded that "[n]either of those arguments are persuasive on plain error review because neither of those arguments identify a rule of Oregon law that the trial court apparently or obviously violated"; we then went on to explain why that was the case. *Carter*, 330 Or App at 631-32. For the reasons explained in *Carter*, we reach the same conclusion here and reject defendant's assignment of error.

Affirmed.